BAKER, Appellee and Cross–Appellant,

v.

TEREX DIVISION, GENERAL MOTORS CORP.
et al., Appellants and Cross–Appellees.

[Cite as *Baker v. Terex Div., General Motors Corp.* (1989), 65 Ohio App.3d 704.]

Court of Appeals of Ohio,
Summit County.

No. 14117.

Decided Dec. 20, 1989.

*Ben Sheerer,* for David M. Baker.

*Timothy A. Marcovy,* for Terex Div., General Motors Corp.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Diane J. Karpinski,* Assistant Attorney General, for Industrial Commission of Ohio.

CACIOPPO, Presiding Judge.

Terex Division, General Motors Corporation ("Terex") appeals from the denial of summary judgment, the jury verdict and trial court's adverse judgment, the denial of judgment notwithstanding the verdict and a new trial, and the order awarding David M. Baker his costs and attorney fees.

Baker, an employee at Terex, sustained an injury to his head and back while in the course and scope of employment. Upon application for workers' compensation benefits, an Industrial Commission hearing officer allowed the claim. Based upon the application and evidence, the hearing officer determined that temporary total compensation was to be paid from August 16, 1978 through September 10, 1978, inclusive, due to a laceration of the left scalp and acute left sacroiliac strain. Terex did not appeal.

Baker filed an application to reactivate his claim on April 22, 1986. A hearing officer allowed the C–85–A claim and ordered temporary total compensation be paid from April 18, 1986 through May 18, 1986, inclusive. The order also granted medical treatment and a change in treating physician. The hearing officer found that the claim was previously allowed for laceration of the left scalp and acute sacroiliac strain and based the findings for this order on evidence from Baker's physician.

Terex appealed from the order to the regional board of review. The board found that the claim had previously been allowed, and based upon evidence in the file or adduced at the hearing, the hearing officer's order was affirmed.

Terex appealed to the Industrial Commission. The commission found that the regional board's order was supported by the record and not contrary to law. The commission denied the appeal.

Pursuant to R.C. 4123.519, Terex appealed to the Court of Common Pleas of Summit County. Within the necessary pleadings, Baker raised the trial court's lack of jurisdiction over this appeal. Terex filed a motion to strike pursuant to Civ.R. 12(F). Terex stated that pursuant to R.C. 4123.519, the trial court had jurisdiction over appeals "other than a decision as to the extent of disability." Terex argued that the appeal did not involve such a determination as the issue did not involve the amount of compensation for a previously allowed injury, but held Terex liable for a condition which was not previously allowed. Terex submitted a thorough brief to support the contention that the evidence required a finding which involves the right to participate or to continue to participate. Without indicating the rationale, the trial court granted Terex's motion to strike.

This cause proceeded to a jury trial. The jury found that Baker was entitled to further participate in workers' compensation benefits. The trial court entered the appropriate order. Both parties filed post-trial motions. The trial court granted Baker's motion for costs and attorney fees.

Terex appeals. Baker cross-appeals, stating in part that the trial court erred in granting Terex's motion to strike.

### Terex's Assignments of Error 1, 2, 3, 5 and 6

"1.   The trial court erred to the prejudice of the Defendant–Appellant when it overruled Defendant's Motion for Summary Judgment."

"2.   The trial court erred to the prejudice of the Defendant–Appellant in overruling Defendant's objections to questions asked, and motions to strike the answers thereto, of Dr. McLaughlin upon deposition, which sought to elicit answers as to causal relationship between plaintiff's 1986 disability and his 1978 industrial accident."

"3.   The trial court erred to the prejudice of the Defendant–Appellant when it overruled Defendant's motions for a directed verdict made at the end of Plaintiff's opening statement, and renewed at the close of Plaintiff's case-in-chief and, again, at the close of all of the evidence."

"5.   The trial court erred to the prejudice of the Defendant–Appellant when it overruled Defendant's Motion for Judgment Notwithstanding the Verdict."

"6.   The trial court erred to the prejudice of the Defendant–Appellant when it overruled Defendant's Motion for a New Trial."

Terex raises several assignments of error which concern the evidence in this case.   Upon reviewing the record, it is clear that Terex challenges the medical evidence which was before the Industrial Commission's hearing officer.   Terex chose to try this case from the position that the medical basis of Baker's reactivated claim was not causally related to the injury which occurred in 1978.

█   The hearing officer reviewed the evidence, which included medical evidence, and determined that the extent to which Baker should participate in workers' compensation benefits as a result of the 1978 injury should include temporary total compensation for a subsequent period.   Terex must challenge the medical evidence and establish that Baker's reactivation claim was actually a claim for a new injury, not previously allowed.   A writ of mandamus is the proper procedure to challenge the Industrial Commission's determination.

The assignments of error are overruled.

### Baker's Assignments of Error I and II

"I.   The trial court erred in overruling cross-appellant's objection to Terex's hypothetical question to Dr. McCoy."

"II.   Terex's counsel improperly raised the issue of cross-appellant's medical insurance in final argument."

Baker filed a cross-appeal.   Baker asserts three arguments, and presents two assignments of error which Baker states are offered in the event that this court finds Terex's appeal meritorious.

■ The focal point of Baker's cross-appeal is the argument that the trial court erred in granting Terex's motion to strike, because the trial court lacked jurisdiction over the appeal. Baker relies upon R.C. 4123.519 and *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693. We find Baker's argument has merit.

In addressing Baker's remaining two arguments, we agree with Baker that our review will render an advisory opinion. We have reviewed the record.

■ Evid.R. 703 requires that the basis of expert testimony be formed from facts or data perceived by the expert or admitted in evidence. In forming a hypothetical question which elicits an expert opinion, that question may only contain facts or data as Evid.R. 703 provides. It is error for an expert to render an opinion based upon a hypothetical question which contains facts not in accord with Evid.R. 703.

■ As to Baker's argument that Terex improperly raised medical insurance in closing argument, we find no objection in the record. Unless Baker objects, the trial court has no opportunity to rule on the alleged impropriety. Therefore, no preserved error is before this court.

### Terex's Assignment of Error 4

"The trial court erred to the prejudice of the Defendant–Appellant when it refused to instruct the jury and permit it to decide upon the affirmative defenses of collateral estoppel and statute of limitations."

■ Terex contends that the trial court erred in not instructing the jury upon the affirmative defenses of collateral estoppel and statute of limitations. We disagree.

The trial court found that no issue of material fact existed concerning the proposed affirmative defenses. Terex does not present to this court any facts which support the argument. Terex proposed a jury instruction which propounded facts. Terex also proposed an instruction as to the law which Terex desired the jury to apply to the propounded facts.

The trial court did not err in omitting jury instructions where no factual issue remained for the jury to determine.

The assignment of error is overruled.

### Terex's Assignment of Error 7

"The trial court erred to the prejudice of the Defendant–Appellant when it granted Plaintiff's post-trial Motion to Tax As Costs [*sic*]."

Terex contends that final judgment should be rendered in favor of Terex and, therefore, the trial court erred in awarding attorney fees and costs. We

find that the trial court relied upon R.C. 4123.519, and did not err in directing an order to the Industrial Commission pursuant to R.C. 4123.519.

The assignment of error is overruled.

This court finds that the trial court erred as a matter of law in granting Terex's motion to strike, in that the trial court lacked subject matter jurisdiction. This cause is remanded for an order which includes dismissing the case for lack of subject matter jurisdiction.

*Judgment reversed*
*and cause remanded.*

BAIRD and CIRIGLIANO, JJ., concur.