STAUFFER, APPELLANT, *v.* STAUFFER, APPELLEE.

[Cite as Stauffer v. Stauffer, 4 Ohio App. 2d 339.]

(No. 243—Decided June 23, 1965.)

*Mr. Tom A. Renick*, for appellant.
*Mr. Robert H. Huffer*, for appellee.

GRAY, J.   A divorce petition was filed by Betty J. Stauffer, plaintiff, against her husband, James, defendant, November 6, 1963.   On June 9, 1964, a separation agreement was entered into by these parties.   On July 16, 1964, a divorce was granted plaintiff.   As part of the divorce decree the custody of Rodney Lee Stauffer, aged 17 years, and Debbie Ann Stauffer, aged 14

years, was confided to plaintiff. The terms of the separation agreement and property settlement were approved by the court and made a part of the decree. Item 4 thereof reads as follows:

"4. Betty J. Stauffer shall have the sole custody, care, control and education of Rodney Lee Stauffer and Debbie Ann Stauffer, the unemancipated children of the parties and James E. Stauffer shall pay to Betty J. Stauffer the sum of seventy dollars ($70.00) per week for the care, support and maintenance of a home for said children until both of said children are emancipated. James E. Stauffer shall likewise pay all medical and dental bills incurred in behalf of said children until each is emancipated."

In the latter part of July 1964, Rodney Lee Stauffer enlisted in the Army. On October 29, 1964, defendant moved the court to modify the former order of the court fixing support money. On January 22, 1965, an entry was filed reducing the support payments from $70 per week to $50 per week as of December 5, 1964, because of changed conditions. Plaintiff, feeling aggrieved by this action of the trial court, filed her notice of appeal on January 25, 1965, assigning as error:

(1) That the trial court cannot reduce the payment for the support and maintenance of a home until *both* children are emancipated unless and until there has been a substantial change in the cost of maintaining the home.

(2) The trial court did not have jurisdiction to modify the terms of the agreement under the particular circumstances existing in this case.

In the case of *Robrock* v. *Robrock*, 167 Ohio St. 479, some of the questions involved in the present case were discussed and decided:

(1) That it was right and proper that the trial court incorporate the separation agreement and property settlement in the divorce decree.

(2) That such agreement incorporated in the divorce decree is superseded by the decree and the obligations of the parties may be enforced as such, *i. e.*, through and by means of the decree itself.

In *Seitz* v. *Seitz*, 156 Ohio St. 516, 519, the Supreme Court held:

"The trial court has the jurisdiction and the duty to hear the defendant's motion and determine whether the support order now should be reduced, increased or permitted to remain at the present figure, depending especially on the welfare of the small children who unfortunately are denied the much-needed opportunity for a home with both parents as their companions."

The question then arises: Does the trial court have the authority to change the decree in relation to the support money previously allowed?

In *Dailey* v. *Dailey*, 146 Ohio St. 93, the Supreme Court laid down the rule as follows in the second paragraph of the syllabus:

"2. The court is not warranted in modifying a previous order fixing the custody of children where there is neither a change of conditions nor a discovery of material facts existent at the time of entering the previous order and *then unknown to the court*; but upon proof of such a change or discovery of material facts, the court is empowered to make an order of modification when warranted by the evidence." (Emphasis added.)

The Supreme Court in *Dailey, supra*, further held in the third paragraph of the syllabus:

"3. When a child in the custody of a divorced parent by virtue of a previous order of court arrives at the age of ten years and, in an appropriate court proceeding involving the modification of the previous order, chooses as custodian the other parent who is not unfitted for the charge by reason of moral depravity, habitual drunkenness or incapacity, there is a change of conditions requiring modification of the previous order."

The trial court in revising the custody decree proceeds upon new facts considered in connection with facts formerly established, the change of circumstances, the conduct of the parties, and the best interest of the child.

The changed circumstances relied upon to obtain modification of support provisions of a divorce decree must be (1) such as were not within the knowledge or contemplation of the court when the decree was entered, and (2) the conditions must not be temporary.

We believe that the analogy between *Dailey* and the case

under consideration is such that the trial court could have properly found that there was a change of conditions.

Since this is an appeal on questions of law the Court of Appeals is bound by the finding of facts of the trial court, if those findings are supported by any substantial evidence. This court has no difficulty in finding that there was substantial evidence to sustain the trial court's decision. See *In re Tilton,* 161 Ohio St. 571, 577.

In the case of *Trickey* v. *Trickey,* 158 Ohio St. 9, the Supreme Court held that the Court of Appeals cannot substitute its judgment for that of the trial court.

Furthermore, there is no evidence on which a finding of an abuse of discretion can be predicated, and no issue as to the weight of the evidence was presented.

A notice of cross-appeal was filed by defendant, appellee herein, he feeling aggrieved that the trial court did not reduce the payments more. What we have said in regard to plaintiff's contentions in this respect applies with equal force to those of the defendant and cross-appellant.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN, P. J., and CARLISLE, J., concur.