CAMPBELL, APPELLEE, *v.* CAMPBELL, APPELLANT.

(No. 10595—Decided November 4, 1968.)

*Mr. Stanley J. Aronoff*, for appellee.
*Messrs. Nikolin & Hamilton*, for appellant.

LONG, P. J.  This was a contested divorce action resulting from a marriage of eighteen months, of which no children were born.  The court properly granted the divorce to the twenty-one year old wife because of the cruelty of her twenty-four year old husband.  The wife's mother furnished substantial sums of money to the couple in an effort to make a go of the marriage, but in vain.  Debts were incurred by the husband amounting to some $5,600, and he was liable to the wife's mother for some $18,000.

In addition to the household effects and family automobile, the trial court awarded the wife $5,000 alimony, payable $15 per week.

The appellant is not here appealing the granting of the divorce but is claiming that the record contains no evidence of any assets owned by him, nor is there any property which came to him or his wife as a result of the marriage; nor is there any evidence of his or his wife's earning capacity.  As a matter of fact, the bill of exceptions contains this unusual language:

"There was no testimony with regard to whether or not

the defendant *was capable of paying any alimony award, nor was there any testimony with regard to defendant's wages or rate of pay."* (Emphasis added.)

Section 3105.18, Revised Code, under the heading "Alimony," provides, in part:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, *the earning capacity of either and the value of real and personal estate of either, at the time of the decree."* (Emphasis added.)

A decree for alimony does not have all the elements of an ordinary judgment. It is regulated in Ohio entirely by statute and has always been recognized by our courts as a subject which calls for the exercise of *sound* discretion by the court in fitting its judgment as to the amount, time and manner of payment, to the facts as they appear in each case.

There is no question in this case that the husband's treatment of his wife warranted the court's action granting the wife a divorce on the grounds of cruelty, but there is absolutely no evidence to support the court's allowance of $5,000 alimony payable for over six years at $15 per week. The husband is already saddled with $24,000 worth of debts and no job; he has no assets, nor was there any evidence of earning capacity with which to pay. This was nothing more than a fine, and to levy it was an abuse of discretion for which this court must reverse.

That part of the judgment awarding alimony is reversed; that part of the judgment granting the divorce and making the other awards to the wife is affirmed.

*Judgment accordingly.*

HILDEBRANT and SHANNON, JJ., concur.