HAYNIE, APPELLEE, *v.* HAYNIE, APPELLANT.

(No. 48056—Decided December 3, 1984.)

*Lee A. Koosed,* for appellee.
*Lewis Einbund,* for appellant.

RUSSO, J. Gloria and Robert Haynie were divorced in January 1983. The divorce decree ordered defendant Robert Haynie to pay Gloria Haynie $1,360 per month in alimony for one hundred twenty months. Support payments of $75 per week were ordered for each of the couple's four minor children until they reached majority or emancipation.

The defendant is a physician who also holds a doctorate. He finished his residency in 1982. Between 1982 and 1983, he worked as an emergency room doctor under a one-year contract at a

salary of $90,000 per year. Another job brought additional income of $10,000 per year.

Dr. Haynie did not meet his alimony and support obligations fully and promptly. The plaintiff was forced to file a motion to show cause on May 11, 1983. The defendant filed a motion to modify and reduce alimony and child support payments citing a substantial change in his economic circumstances.

A hearing was held on the various motions. In his five-page report, the referee recommended that the motion to show cause be granted; that the arrearage on alimony and child support be reduced to judgment; that attorney fees be awarded to the plaintiff; and that defendant's motion to reduce alimony and child support payments be denied.

Over the defendant's objections to the referee's report, the trial court approved the referee's recommendations and entered judgment thereon.

Defendant filed a timely appeal from this judgment. He assigns three errors:

### Assignment of Error No. 1

"The trial court erred by adopting the referee's arbitrary decision that appellant's alimony payments should be based upon a one-year income figure that was derived from an unrenewed one-year contract."

### Assignment of Error No. 2

"The trial court erred by totally disregarding uncontraverted evidence that the current income of appellant was only thirty percent of the base income figure."

### Assignment of Error No. 3

"The trial court erred by ignoring uncontroverted evidence that appellant's primary source of income was only producing twenty-five percent of anticipated income returns because of factors wholly outside appellant's control."

These assignments represent one theme with variations. Therefore they will be treated together.

Appellant argues that his 1982-1983 income was an anomaly, and that he is now earning substantially less and should be excused from the full burden of his alimony and support obligations.

Appellant maintains that his salary of $100,000 was a unique figure for one year only. He did not renew his contract to serve as emergency room physician. Instead, he entered into a partnership to practice with three other physicians in association with the Mt. Sinai Medical Center. He expected to earn only $30,000 in 1983 from this association. At the time of the hearing, however, the practice was earning only twenty-five percent of its projected income.[1]

Based on this reduction in income, appellant argues that he has experienced "changed circumstances" under R.C. 3105.18(C) such as permit the trial court to modify the alimony award.

First, it should be noted that R.C. 3105.18(C)[2] applies "solely" to alimony only actions.

Next, appellant cites several cases on changed circumstances that are wholly inapposite to this situation. In *Warman* v. *Warman* (Jan. 26, 1983), Clermont App. No. CA-1052, unreported, the appellant lost his gas station franchise and was virtually without income. The court of appeals found that the trial court had abused its discretion in refusing to reduce the alimony and support

---

[1] The hearing was held on August 18, 1983, and the practice was set up in July 1983.

[2] R.C. 3105.18(C) reads:

"In an action brought solely for an order for alimony under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party."

payments, as the appellant suffered a "drastic" change in his circumstances.

*Campbell* v. *Campbell* (1968), 17 Ohio App. 2d 87 [46 O.O.2d 101], dealt with an appellant who had no job, no assets, overwhelming debts, and no demonstrated earning capacity. *Bingham* v. *Bingham* (1983), 9 Ohio App. 3d 191, involved alimony payments to a woman who had managed to complete her education and triple her income, this good fortune being a "change in circumstance" that should have been considered by the trial court. Appellant here argues from this that his 1983 income, a third of what it had been the year before, was also a substantial change in circumstances.

This story is all too bitterly familiar. A husband pursues a profession; he outgrows his wife in education and experience; he leaves the marriage, literally and figuratively, for a world in which his wife no longer belongs.

Appellant has a new life now, but is still bound legally to the needs of the family that saw him through the most difficult years of his life.

Appellant has not demonstrated that the trial court abused its discretion in adopting the recommendations for alimony and support made by the referee. His assignments of error are without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON, P.J., and ANN MCMANA-MON, J., concur.

JACKSON, P.J., concurring. I concur in the determination of the majority opinion. It is well-settled law in Ohio that in order for a court to grant a modification of support payments or alimony, there must be a showing of changed circumstances which have occurred since the original support decree.

*Peters* v. *Peters* (1968), 14 Ohio St. 2d 268 [43 O.O.2d 441]. The changed circumstances relied upon by appellant to justify the modification of support provisions or alimony must: (1) not be within the knowledge or contemplation of the court when the decree was entered; and (2) the *conditions must not be temporary. Stauffer* v. *Stauffer* (1965), 4 Ohio App. 2d 339, 341 [33 O.O.2d 395]. The issue for determination in the case at bar is whether the trial court abused its discretion in denying a modification of the alimony and child support payments.

The record discloses that appellant filed the motion to modify one day *before* he terminated his $90,000 a year position with Mt. Sinai Medical Center. The hearing date on the motion to modify was only *six weeks* after appellant had entered into private practice. Nevertheless, appellant allegedly could testify with certainty that his income would be only $30,000 for the first year. The referee stated in his report, "that while defendant's income may presently be less than what he previously realized, most certainly the potential for *continuing substantial income is obvious.*" (Emphasis added.) As with all new businesses, appellant's private medical practice may experience an initial, temporary economic lag. However, as indicated by the referee, the established potential of appellant's income is substantial. The referee found that appellant was "largely responsible for his predicament." The referee further found that there was a change of circumstances, but not one which would support a reduction in child support.

I am persuaded that the evidence supports this conclusion. The appellant did not meet his burden of showing that his financial problems were more than temporary or that he was not responsible for his income decrease. Moreover, I consider the following finding of the referee to be significant: "Plaintiff is

without the home which the Court awarded to her [as part of the divorce decree], and because of the defendant's [appellant's] failure to maintain the home during the marriage and the resulting 44 building code violations, plaintiff [appellee] was unable to obtain a loan per her testimony, and his failure to comply with the order for payment of child support and alimony, plaintiff was unable to keep up the payments and is losing the marital residence through foreclosure." The above finding is indicative of appellant's lack of good faith in this matter.