ORIOLD, APPELLEE, *v.* ORIOLD, APPELLANT.

(No. 49238 — Decided July 29, 1985.)

*Nicholas E. Phillips,* for appellee.

*Sanford J. Berger* and *Robert M. Fertel,* for appellant.

NAHRA, P.J.  This is an appeal from an order of the division of domestic relations of the common pleas court granting a judgment against the defendant-appellant, James Oriold, for child support arrearages and attorney fees, and denying appellant's motion to modify child support.

Appellant married appellee, Kathleen Oriold, on November 21, 1970. Two children, Trevor and Tara, were born as issue. In April 1979, the parties entered into a separation agreement under the terms of which appellant agreed to pay to appellee child support in an amount of $35 per week per child. The agreement further provided that during periods of unemployment appellant's payments would be reduced to $25 per week per child with the $10 per week per child differential to be paid by appellant after his return to full employment. Appellant also agreed to pay appellee $25 per week alimony until April 4, 1983, or appellee's remarriage or death. The agreement also provided that if either party defaults in the performance of any of the obligations set forth, the defaulting party would pay all expenses, including reasonable attorney fees, incurred in enforcing the agreement. The terms of the separation agreement were thereafter incorporated into a judgment entry granting appellee a divorce from appellant in April 1979.

On April 20, 1983, appellee filed a motion to show cause as a result of appellant's failure to make alimony and child support payments. The dispute regarding arrearages was settled on May 18, 1983.

On October 27, 1983, appellee filed a second motion to show cause and appellant responded with a motion to modify child support. Appellant alleged the following changes in circumstances in support of his motion to modify:

1.  Decreased income — appellant earned $30,000 per year in 1979 but earns only $16,000 per year now.

2.  Appellant has remarried and adopted his wife's two children.

3.  Appellee now has a job.

4. Appellee has "constructively denied" visitation by poisoning the children's minds against their father.

5. Unemployment during the summers of 1982 and 1983.

After a joint hearing on both parties' motions, the referee found that the unemployment and decreased earnings of appellant did not constitute a substantial change in circumstances to justify a modification of the separation agreement. The referee also found that remarriage and adoption of two children did not alleviate the obligation to pay child support to the children of his first marriage. Finally, the referee noted that appellee did not brainwash the children and that appellant is free to exercise fully his visitation rights. The referee recommended denial of appellant's motion to modify judgment for $3,197.86 against appellant for child support arrearages and judgment for $2,822.60 against appellant for appellee's attorney fees. The trial court approved the referee's recommendations over appellant's objections. Appellant timely appealed.

I

Appellant's first assignment of error is that:

"The judgment entered against the appellant in this action is void because the trial court failed to comply with the mandatory provisions of the Ohio bureau of support statutes, Ohio Revised Code section 2301.34 et seq."

Appellant contends that the court had no jurisdiction to consider appellee's motion to show cause. Appellant claims that R.C. 2301.37 establishes a mandatory and exclusive remedy for appellant's failure to pay support and that

the court had no jurisdiction to entertain appellee's motion to show cause because the provisions of R.C. 2301.37 were not followed. Appellant is arguing, in effect, that inaction by the bureau of support bars the obligee from taking any action to obtain enforcement of a support order.

R.C. 2301.37(A), upon which appellant relies, provides that if the records of a bureau of support indicate that an obligor is in default of a support order for a period of ten days, the bureau is required to notify the court of such default. The court is then required under R.C. 2301.37(B) to hold a hearing within ten days of such notice. If the court fails to hold such a hearing, or if the obligor fails for a period of more than ten days to comply with the order after the hearing, the bureau shall notify the obligee of the default, notify her of her rights and remedies, and the name of the county agency designated for the enforcement of support orders. This section appears in conjunction with R.C. 2301.34 through 2301.41 and pertains to the organization of the bureau of support. R.C. 2301.37 sets forth mandatory procedures to be followed by the bureau of support when enforcing court-ordered support. *Wood* v. *Wood* (1982), 5 OBR 435.[1] R.C. 2301.37 mandates procedures to be used only by the bureau of support and the court. It was not intended to affect actions of the individual obligee. R.C. 2301.40(B) specifically provides that an obligee's failure to make use of the remedies provided under R.C. 2301.38 does not operate as a waiver of any right of the obligee to seek enforcement of a support order. R.C. 2301.38 is a permissive statute which *allows,* but does not *require,* the obligee to make use

[1] In *Wood,* a motion to show cause was filed by a bureau of support, and the court held that since the power of a bureau of support to enforce support obligations was created by statute, R.C. 2301.34 et seq., the procedure set forth in the statute is mandatory. The Court of Appeals for Lucas County did not address the effect of R.C. 2301.37 on other remedies available to the obligee.

of the bureau of support's enforcement powers. The legislature obviously contemplated the utilization of alternative enforcement proceedings, such as exercising the common-law right to file a motion to show cause, when it enacted R.C. 2301.34 through 2301.41. To accept appellant's argument that only the bureau of support can enforce court-ordered support would violate the intent of the legislature.

Accordingly, appellant's first assignment of error is overruled.

## II

Appellant's second assignment of error is that:

"The order of the trial court overruling the appellant's motion to modify child support constituted an abuse of discretion and a denial of the appellant's rights to due process of law and equal protection as guaranteed by the Fourteenth Amendment to the Constitution of the United States." ·

Appellant advances several arguments in support of this assignment and we will address each one separately.

Appellant first argues that the trial court "punish[ed] him for a situation that was not of his making," that is, his unemployed status, by holding him to the terms of the 1979 separation agreement. Appellant states that at the time the parties entered into the separation agreement, he was working steadily as a carpenter with seasonal periods of unemployment. He concedes the agreement contemplated the seasonal nature of his work, but argues it did not contemplate a recession in the construction industry.

We agree with the trial court that the unemployment of the appellant *was* contemplated by the parties at the time they entered into the separation agreement. The language of the agreement is clear: "During any period of time that the husband is not fully employed due to a strike, disability or other unemploy-

ment, not including voluntary unemployment, and is receiving less than 75% of his gross base pay per week, he shall pay to the wife the reduced sum of Twenty-Five Dollars ($25.00) per week per child. Any arrearages from the sum of $35.00 per week shall be made up by the husband within six months of his returning to full employment."

Since the parties' separation agreement contains specific provisions regarding payment of child support during periods of unemployment and subsequent reemployment of appellant, changes in appellant's income resulting from such unemployment and reemployment were within the contemplation of the court at the time of entry of the original judgment herein and provide no basis for a modification of child support. *Stauffer* v. *Stauffer* (1965), 4 Ohio App. 2d 339 [33 O.O.2d 395]. Appellant's argument that the parties' separation agreement contemplated only seasonal unemployment is directly contradicted by the language thereof. Since strikes and disability are mentioned, it is beyond doubt that this clause applies to more than seasonal unemployment. Furthermore, the construction industry is especially susceptible to temporary swings due to economic changes and there is nothing in the record to show that appellant's reduced income is anything more than temporary. Thus, the trial court did not err in concluding that appellant's reduction in income because of unemployment does not justify a reduction in support payments.

Appellant next challenges the correctness of the referee's recommendation, following a hearing, which was subsequently adopted by the trial court by arguing that the referee and trial court should have considered his remarriage and adoption of his new wife's children and appellee's income in determining the amount he must pay for support. However, appellant has not provided us with a transcript of the hearing

for us to review to determine the correctness of the trial court's decision based upon the evidence presented. See *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197 [15 O.O.3d 218]; *Cala* v. *Cala* (Mar. 7, 1985), Cuyahoga App. No. 48726, unreported. We, therefore, cannot conclude that the court abused its discretion since we have no evidence to review to make that determination. Consequently, we must presume the validity of the trial court's proceedings in this regard. *Knapp, supra* (61 Ohio St. 2d), at 199; *In re Adoption of Hasul* (Jan. 17, 1985), Cuyahoga App. No. 48456, unreported.

Appellant argues further that appellee destroyed his relationship with the children. Appellant seems to be arguing that he should not have to support children whom he cannot visit. The record, however, shows that appellant *can* visit his children. Appellee testified that she in no way brainwashed, thwarted or discouraged the children from visiting with their father and the referee believed appellee. Appellee also testified that appellant is free at any time to exercise fully his visitation rights. The referee found that the fact the marital residence had to be sold and the fact that the children were relocated may have caused the children to become bitter and blame their father. There is nothing in the record to refute either the referee's finding or the appellee's testimony. Appellant's claim that he has been "constructively denied" visitation with his children and therefore has no obligation to support them is unsupported and without merit.

Finally, appellant's claims that the current support order denies him due process and equal protection of law lack merit in light of the fact that the order merely incorporates the terms of a separation agreement to which appellant voluntarily consented.

Accordingly, this assignment of error is overruled.

### III

Appellant's last assignment of error is that:

"The judgment entered against the appellant for the appellee's attorney's fees constituted an abuse of discretion and was no more than a fine imposed against the appellant for being a man [*sic*] in violation of his due process and equal protection rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States."

Following a hearing, the referee found, *inter alia*, that "[appellant's] failure to comply with the prior order of this Court required [appellee] to incur attorney fees to enforce such order." Paragraph XV, item (12) of the Separation Agreement provides:

"Enforcement Expenses—

"If either the husband or the wife defaults in the performance of any of the obligations herein set forth, and it becomes necessary to institute legal proceedings to effectuate performance of any provisions of this Agreement, then in such case, the party found to be in default shall pay all expenses, including reasonable attorney fees, incurred in connection with such enforcement proceedings."

Having signed the separation agreement, appellant cannot now complain about having to pay appellee's reasonable attorney fees. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, J., concurs.

PATTON, J., not participating.