OPINION
Appellant, the Child Support Enforcement Agency, on behalf of plaintiff, Beth Fitzgerald fka DeBrosse, appeals a Butler County Court of Common Pleas judgment granting defendant-appellee, Pierre DeBrosse, a reduction in his child support obligation. Finding that the trial court's reduction of the child support obligation was an abuse of discretion, we reverse.
The parties were divorced on February 12, 1998. They have four children, Phillip, Sarah, Melissa, and Allison, as issue of their marriage. At the time of the divorce, Pierre was awarded legal custody of Phillip, and Beth was awarded legal custody of Sarah, Melissa, and Allison. Pierre was ordered to pay $48.70 per week per child ($211.03 per month per child) in child support. There is no child support calculation worksheet attached to this order.
On April 20, 1998, Pierre filed a motion asking for a change in the allocation of parental rights and a reduction in child support. Pierre's motion requested that Beth become the legal custodian and residential parent of Phillip and that Pierre's child support obligation be reduced due to the fact that his job at AK Steel had been terminated.
Through an agreed entry filed on June 8, 1998, Beth assumed custody of Phillip. A magistrate held a hearing on Pierre's motion to reduce his child support payments on June 30, 1998. On July 23, 1998, the magistrate issued a decision reducing Pierre's child support to $58.87 per week ($250.08 per month). There is no child support worksheet attached to this order for child support. However, the judgment entry contains the following language:
 If defendant ultimately prevails on his appeal to his discharge from AK Steel and receives back wages in either the form of a lump sum payment or a structured payment, then the order for child support will be again modified so that child support is based [sic] the amount of income attributable to defendant for any time period, past, present or future so that his children may receive an appropriate and fair share of his income for support.
 Although appellant filed objections to the magistrate's decision, the trial court overruled these objections and affirmed the decision of the magistrate. Appellant appeals from this judgment, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ESTABLISHING THE CHILD SUPPORT ORDER UTILIZING THE APPELLEE'S ACTUAL INCOME AND FAILING TO IMPUTE INCOME AS THE APPELLEE WAS VOLUNTARILY UNDEREMPLOYED.
 Appellant contends that the trial court erred by granting Pierre's motion to reduce his obligation for child support.
Initially, we note that the trial court failed to attach child support worksheets to the entries ordering child support in this case. R.C. 3113.215 requires the completion of a child support worksheet before a child support order or modification of a child support order is entered, and a trial court must include this document in the record. Marker v. Grimm (1992), 65 Ohio St.3d 139,142. The trial court's failure to attach the child support worksheets to its orders for child support is sufficient grounds for reversal and remand of this case. See Marker at 143-144. However, for the sake of judicial expediency, this court will also address the issue of whether the trial court's reduction of Pierre's child support obligation was proper.
To justify the modification of an existing child support order, a party must show "a substantial change of circumstances which `render[s] unreasonable an order which was once reasonable.'"Carson v. Carson (1989), 62 Ohio App.3d 670, 673, quoting Brightv. Collins (1982), 2 Ohio App.3d 421, 425. Although unemployment may be such a change of circumstances, voluntary unemployment or underemployment does not generally constitute the required change of circumstances necessary to modify a child support order. Boltzv. Boltz (1986), 31 Ohio App.3d 214, 216. See Haynie v. Haynie
(1984), 19 Ohio App.3d 289-290.
R.C. 3113.215(A)(5) defines what income a court may impute to a parent in child support cases. This statute states the following:
 "Potential income" means *** the following for a parent that the court *** determines is voluntarily unemployed or voluntarily underemployed:
 Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]
 The determination of whether a parent has become voluntarily unemployed or underemployed is a question of fact for the trial court. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. A parent's subjective motivations for being voluntarily unemployed or underemployed are not considered when determining whether potential income is to be imputed to that parent in calculating his child support obligation. Id. at 111. Absent an abuse of discretion, an appellate court will defer to the trial court's determination of this issue. Id. at 112. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Pierre testified at the hearing that he was working for the maintenance department at AK Steel at the time of the divorce. However, on February 9, 1998, AK Steel terminated Pierre's employment after he was charged with performance of an unsafe act and entering the plant "under the influence." Pierre testified that he had tested positive for marijuana but was contesting the drug test results by filing a grievance with the union that represents him. At the time of his termination, Pierre had been employed by AK Steel for almost three years and was earning a salary of approximately $50,000 per year.
On March 24, 1998, Pierre was hired by a civil engineering firm as a member of a field crew that conducts surveys of land. Pierre earns $7 per hour and works twenty-two to forty hours per week at his new position. The trial court determined that at this wage, Pierre would earn $12,285 per year. Pierre also testified that he pays his current employer for health insurance coverage for his children. At the time of the hearing, Pierre had made all of his child support payments in full.
Before working at AK Steel, Pierre was in the United States Air Force. Pierre has been trained as a firefighter, but he testified that he does not want to pursue that career at this time. Pierre presented no evidence to show that he had attempted to secure a maintenance position comparable to the one he held at AK Steel or that he was seeking a second job to supplement his income so that he could continue to meet his child support obligation.
Under these facts, we find that the trial court abused its discretion when it granted Pierre's motion to reduce his child support obligation. The primary purpose of child support is to protect the best interests of children. Rock,67 Ohio St.3d at 111. Pierre was terminated from his employment due to drug use. There is no evidence that he sought a maintenance position comparable to the one that he had at AK Steel. Moreover, when Pierre was hired for a position that paid one-fourth of the amount of his AK Steel salary, he did not take a second job to supplement his income. Pierre should not receive a reduction in his child support obligation as an award for this irresponsible behavior. Appellant's assignment of error is well-taken.
The decision of the trial court is reversed and remanded for a recalculation of Pierre's child support obligation, using the child support worksheet required by R.C. 3113.215. In this recalculation, the trial court is instructed to include an imputed income for Pierre based on the amount of his former salary at AK Steel.
Judgment reversed and remanded.
POWELL, P.J., and WALSH, J., concur.