JOURNAL ENTRY and OPINION
Defendant-appellant, Mark Paras, appeals pro se from the trial court's judgment entry and decree of divorce apportioning the parties' assets and liabilities. While plaintiff-appellee, Patricia A. Quinn fka Patricia A. Paras, does not file specific cross-appeals, she does make reference to inequities in the trial court's findings in her brief. For the reasons adduced below, we affirm the decision of the trial court.
The facts relevant to this appeal are as follows. Paras and Quinn were married for almost 12 years. Two children were born of this marriage: Rachael (age 9) and George (age 8). Both parties were gainfully employed, for the most part, throughout the marriage. Paras was out of work for a one year period due to injuries from an automobile accident wherein he received compensation via workers' compensation and a personal injury settlement. Quinn continues to work full-time "doing office work" and makes approximately $27,000 per year. Paras was making $72,000 per year in the mortgage business. It should be noted that Paras filed a motion to show a change in circumstances due to his loss of employment. This motion was dismissed by the trial court without hearing.
Quinn filed for divorce in August of 1996. The magistrate issued findings of fact and conclusions of law in October of 1998. The trial court filed a judgment and decree of divorce which affirmed the magistrate's decision. The court apportioned the marital assets and liabilities. Paras was also ordered to pay a deviated amount of child support, a minimal amount of spousal support and a fraction of Quinn's attorney's fees.
While Paras raises fifteen assignments of error in his appellate brief, most of the arguments center around the parties' financial situation and/or procedural/evidentiary issues occurring throughout the divorce process. For practical purposes, we will divide the assignments of error into two categories: alleged errors concerning the allocation of assets and alleged errors concerning the trial court's rulings on procedural and evidentiary matters.
The assignments of error dealing with the allocation of assets are stated as follows:
FIRST ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION BY GOING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING THAT THE APPELLANT WAS UNABLE TO TRACE HIS INHERITANCE FROM HIS FATHER AS HIS SEPARATE PROPERTY.
THIRD ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN THE DETERMINATION THAT MARITAL EQUITY EXISTS IN THE MARITAL RESIDENCE.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED IT'S (SIC) DISCRETION WHEN IT FAILED TO INCLUDE MARITAL DEBTS OWED BY THE PARTIES AND/OR PAID BY THE DEFENDANT-APPELLANT PRIOR TO THE TIME OF THE TRIAL IN THIS MATTER AS DEBTS TO BE ALLOCATED (SIC) TO THE PARTIES.
FIFTH ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN IT'S (SIC) EQUITABLE DIVISION OF THE MARITAL PROPERTY AS A WHOLE.
ELEVENTH ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION BY GOING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THEY IGNORED THE APPELLANT'S PAYMENTS TOWARD THE EDUCATION OF THE MINOR CHILDREN ON THE CHILD SUPPORT COMPUTATION WORKSHEET.
TWELVTH (SIC) ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN IT'S (SIC) AWARD OF SPOUSAL SUPPORT TO THE PREJUDICE OF THE APPELLANT.
Initially, we note that the standard of review when determining if a lower court properly apportioned marital assets/liabilities is based upon an abuse of discretion standard. Peck v. Peck (1994), 96 Ohio App.3d 731;Barkley v. Barkley (1997), 119 Ohio App.3d 155. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins (1984), 15 Ohio St.3d 164.Finnerty, supra, at 107-108.
An abuse of discretion connotes more than an error in law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. As the Supreme Court has noted:
 An abuse of discretion involves far more than a difference in * * * opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias.
Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quoting,Jenkins, supra, at 222.
A factual finding of the trial court will be reversed only if it is found to be against the manifest weight of the evidence. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77. Judgments supported by some competent, credible evidence will not be reversed on appeal absent an abuse of discretion and unless the finding is against the manifest weight of the evidence. Id.
It is axiomatic that under Ohio law, in divorce proceedings, the trial court "shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). A trial court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,118. A divorce decree which does not dispose of the property between the two parties is insufficient and incomplete. Rowe v. Rowe (1990),69 Ohio App.3d 607. If a trial court leaves issues unresolved, the case must be remanded for the court to determine. Taylor v. Taylor (1981),2 Ohio App.3d 79.
Under R.C. 3105.171, a trial court must classify property as marital or separate before awarding the property. The party seeking to establish that an asset or portion of an asset is separate has the burden of proof by a preponderance of the evidence. Peck, supra. A determination of traceability, which is required to single an asset out as separate property, is a finding of fact. James v. James (1995), 101 Ohio App.3d 668. The commingling of separate and marital property does not destroy the identity of the separate property if the separate property is traceable. R.C. 3105.171(A)(6)(b). Peck, supra.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97, the Supreme Court stated, "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Interpreting this requirement, many appellate districts have held that the trial court itself, not merely the record, must explain the basis for spousal support. Schneider v. Schneider (1989),61 Ohio App.3d 164; Kaechele v. Kaechele (1989), 61 Ohio App.3d 159;Layne v. Layne (1992), 83 Ohio App.3d 559; Graham v. Graham (1994),98 Ohio App.3d 396; Shepherd v. Shepherd (Aug. 31, 1995), Cuyahoga App. No. 68242, unreported; Carman v. Carman (1996), 109 Ohio App.3d 698. More important, we are controlled by an opinion this court previously published, Moro v. Moro (1990), 68 Ohio App.3d 630, adopting this interpretation of Kaechele. Further, R.C. 3105.18 expressly requires the court to consider "[t]he income of the parties, from all sources," when it awards spousal support.
Applying the above standards to the facts of this case clearly shows that the trial court did not abuse its discretion in the allocation of the parties' assets. With regard to the inheritance money being treated as marital property, there is no evidence of error relative to this issue as Paras alleges in his first assignment of error. There is no dispute that the $27,819.31 inherited by and gifted to Paras initially constituted separate property. Likewise, there is no dispute that a portion of those funds were used to improve the marital home. The question becomes whether these funds lost their status as "separate property" when the money was deposited into the parties' joint bank account and subsequently used on home improvement.
Spouses can change the nature of the property through their conduct during the marriage. Moore v. Moore (1992), 83 Ohio App.3d 75, 77. Thus, "[n]onmarital property may lose its nonmarital character when it is commingled with or transmuted into marital property." Starr v. Starr
(June 17, 1995), Summit App. No. 16817, unreported at 11, quoting Kingv. King (1992), 78 Ohio App.3d 599, 604; see, also, Kuehn v. Kuehn
(1988), 55 Ohio App.3d 245, 246-247. On the other hand, R.C.3105.171(A)(6)(b) states that the "* * * commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."
There are two cases directly on point, factually, which involve one spouse's inheritance being commingled in the parties' checking account and then used for home improvement. Ironically, the courts reach different conclusions. See Okos v. Okos (Apr. 7, 2000), Lucas County App. No. L-98-1382, unreported; Wright v. Wright (Jan. 3, 1996), Medina County App. No. 95 CA 2423-M, unreported.
While both cases only constitute persuasive authority, the rationale and holdings are well articulated and the facts of each are indistinguishable from the case sub judice. In Okos, the wife presented evidence that her inheritance money was separate property even though it had been commingled with marital funds because she claimed she could still trace the funds used in home improvements. The Okos court agreed with the wife that although the money was commingled it was still traceable. In reaching this conclusion, the appellate court disregarded a well rationalized opinion by the trial court and the Wright opinion. We are more inclined to agree with the holdings of Wright and the trial court in Okos. The Okos trial court's reasoning was stated as follows in that court's findings:
 These funds were deposited in a joint account and became "commingled" with the marital residence, which is a marital asset, to such an extent that the funds lost their character as separate property.
 Real estate differs from cash. Investing money into home improvements is quite different from putting money down for the purchase of real estate, or paying down on a mortgage. In the latter situation, equity in the realty rises in direct proportion to the amount of money being paid in. For instance, had Plaintiff used the Twenty-one Thousand Dollars ($21,000.00) to pay down on the mortgage, an additional Twenty-One Thousand Dollars ($21,000.00) in additional equity would have been created, and would be directly traceable to the inheritance and the gift. However, this is not necessarily true for the costs of home improvement. In fact, it rarely is. For example installation of a new roof at a cost of Five Thousand Dollars ($5,000.00) does not increase the value of the house by Five Thousand Dollars ($5,000.00). The same would be true of any other form of home improvement. The value of the improvement is affected by several intrinsic factors such as depreciation, applicable interest rates, and the esthetics of the improvements.
 There is no dispute that the Twenty-One Thousand Dollars ($21,000.00) inherited by and gifted to the Plaintiff began as separate property. However, by investing that sum into the marital residence, it lost its separate nature; it was transmuted into marital property. The Plaintiff can trace the Twenty-one Thousand Dollars ($21,000.00) going into the marital residence, but she cannot trace it out. Indeed, no evidence whatsoever was offered as to the relationship between the value of the residence with and without the improvements made so as to allow the Plaintiff to argue that the money is traceable. Simply stated, putting Twenty-one Thousand Dollars ($21,000.00) worth of improvements "into the house" did not necessarily increase the value of the realty to the same extent. Accordingly, the Court finds that the Ten Thousand Dollar ($10,000.00) gift made to the Plaintiff, and the Eleven Thousand Dollar ($11,000.00) inheritance of the Plaintiff became marital property once invested into the residence in the form of unspecified improvements.
Id. at 15-16.
Without question, Paras has failed to demonstrate the traceability of the inherited money once it was deposited and spent. There is no evidence in the record establishing a definable and separate trail for the funds once they were deposited in the parties joint checking account and then used on home improvements. In addition, there is no evidence showing what portion of the increased value of the home is directly attributable to those improvements. The trial court properly determined that the money inherited by Paras became a marital asset under the above circumstances. As was noted in the Wright decision, The parties evidenced an intent to combine their separate property to increase the value of their home, a marital asset. The funds were thereby transmuted into the marital asset. The parties' treatment of the funds leads to the conclusion that the court did not abuse its discretion in this regard. Id. at 3. Accordingly, the first assignment of error is overruled.
In the third, fourth, fifth, and eleventh assignments of error, Paras makes broad brush generalized allegations of error regarding the trial court's division of the marital assets. The assignments of error are redundant and lack specific reasoning as to how the lower court abused its discretion. The evidence is inapposite to Paras' contentions. The record demonstrates that the trial court meticulously evaluated the parties financial situation, including all debts, the value of the home, the monthly living expenses and child education costs before making its decision. Paras offers nothing more than self-serving statements in his appellate brief to refute the trial court's findings.
For purposes of illustration, Paras alleges in his brief that there was an additional marital debt of $10,700 that both parties should have been liable to pay. Paras made this same argument at the trial level and it was determined that the entire debt was incurred after the parties separated and was solely for the benefit of Paras. Paras offers no documentation or other proof that the debt was anything other than his own personal debt incurred post-separation. Mere allegations of error without any substantive proof to refute such will never rise to the level of abuse of discretion. A court of review may not substitute a trial court's decision without a clear showing by the complaining party that the trial court abused its discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294; Zimmie v. Zimmie (1984), 11 Ohio St.3d 94.
In the instant case, the trial court thoroughly reviewed the evidence and documentation from both parties before making a specific finding that the division of property was to be equal since "each party contributed equally to the production and acquisition of marital property." Paras has failed to make a "clear showing" that the trial court has abused its discretion in any of the above allegations of error. Further, it is presumed that the trial court considered the applicable provisions of R.C. 3105.171 in determining the division of marital assets and liabilities given the knowledge that each case is fact dependant.Reynolds v. Reynolds (June 12, 1995), Butler County App. No. CA94-08-162, unreported; Badovick v. Badovick (1998), 128 Ohio App.3d 18;Terry v. Terry (1994), 99 Ohio App.3d 228. Consequently, the above assignments of error are overruled.
The twelfth assignment of error deals with the court's award of spousal support. As noted earlier in our standard of review, "a trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechle, supra. In addition, the trial court must consider all the factors of R.C. 3105.18 in determining if spousal support is appropriate and reasonable. Birath v. Birath (1988),53 Ohio App.3d 31.
A review of the trial court's decision clearly shows that the court considered the factors of R.C. 3105.18. The court considered the parties' duration of marriage, their respective incomes, their age and general health and their monthly living expenses. The court then awarded Quinn $300 per month for four years.
The purpose of spousal support is to provide for the financial needs of the ex-spouse weighed against the ability of the other spouse to pay.Wolfe v. Wolfe (1976), 46 Ohio St.2d 399. Here, the court properly reviewed and analyzed all relevant factors in reaching its decision. The amount awarded is reasonable and for a period certain. Paras' arguments that Quinn's cohabitation or subsequent remarriage should terminate the support are unfounded. A court is not required to provide that a spousal support award terminates if the obligee cohabits or remarries. Eley v.Eley (Mar. 11, 1994), Logan County App. No. 8-83-18, unreported; Alty v.Alty (Oct. 15, 1991), Champaign County App. No. 91 CA 4, unreported;Wolfe, supra. The twelfth assignment of error is overruled.
The remainder of Paras' appeal deals with procedural and evidentiary rulings of the trial court during the course of the divorce proceedings. These assignments of error are stated as follows:
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION WHEN IT DID NOT ALLOW THE APPRAISAL OF THE APPELLANT TO BE ADMITTED AS EVIDENCE AT THE TRIAL.
SIXTH ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION IN IT'S (SIC) EQUITABLE DIVISION OF THE MARITAL PROPERTY AS A WHOLE.
SEVENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION IN IGNORING APPELLANT'S SUPPLEMENTAL STATEMENT OF FACTS AS EVIDENCE IN SUPPORT OF A CHANGE IN CIRCUMSTANCES UPON WHICH TO PREDICATE IT'S (SIC) EXAMINATION OF THE ISSUE OF THE BEST INTEREST OF THE CHILDREN.
EIGHTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION WHEN IT IGNORED THE CHILDREN AS CODEFENDANTS AND DID NOT HEAR THE FINDINGS OF THE COURT ORDERED GUARDIAN AD LITEM AND COUNSEL ON BEHALF OF THE MINOR CHILDREN.
NINTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION IN DISMISSING AND ENTERING A POST JUDGMENT ENTRY OF MOTIONS FILLED (SIC) WITHOUT PERMITTING TESTIMONY THEREON.
TENTH ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION BY NOT CONDUCTING AN EVIDENTIARY HEARING ON MOTIONS FILED, AND BY GOING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN CALCULATING APPELLANT'S INCOME FOR THE PURPOSES OF CHILD SUPPORT, SPOUSAL SUPPORT, AND THEIR ARREARAGES.
THIRTEENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED IT'S (SIC) DISCRETION WHEN IT DID NOT ALLOW THE TESTIMONY OF APPELLANT'S ATTORNEY WHO FILLED (SIC) AND NEGOTIATED THE SETTLEMENT OF THE PERSONAL INJURY CLAIM.
FOURTEENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE DEFENDANT-APPELLANT AND THE PLAINTIFF-APPELLEE'S OBJECTIONS TO "THE MAGISTRATE'S DECISION WITH FINDINGS OF FACTS AND CONCLUSIONS OF LAW".
FIFTEENTH ASSIGNMENT OF ERROR
 THE MAGISTRATE AND THE TRIAL COURT ABUSED THEIR DISCRETION AND WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY ORDERING DEFENDANT-APPELLANT TO PAY PLAINTIFF-APPELLEE'S ATTORNEY FEES.
It is well established that pursuant to Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v. Sibert
(1994), 98 Ohio App.3d 412.
These assignments of error basically involve the trial court's decisions to limit or exclude evidence. The standard for such is well defined in Ohio. "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Jacks (1989),63 Ohio App.3d 200, 207. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104, 107. We have already set forth in great detail what constitutes an abuse of discretion.
In the second, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, and fifteenth assignments of error, Paras once again makes broad brush allegations of error without any substantive argument. In the second assignment or error, Paras complains that the trial court did not allow the report or testimony of a second appraiser he had hired to be introduced at trial. The record clearly reflects that the trial court considered appraisal reports from both Quinn and Paras and took an average of the two in determining the value of the parties' home. The fact that Paras wanted to introduce a third appraisal at trial without supplying a copy to Quinn's counsel prior to trial is clearly an evidentiary ruling within the sound discretion of the trial court. Paras offers no explanation or legal citation how this ruling is an abuse of discretion. This assignment of error is overruled.
In the sixth, seventh, eighth, ninth and fourteenth assignments of error, Paras provides no argument, analysis, reasoning, or explanation in his appellate brief on the issues raised. Paras merely makes conclusory remarks about pre-trial and post-trial motions being denied. He further makes allegations about the children being denied access to the courts because they were made party defendants and appointed a guardian adlitem. In this eighth assignment of error, this court cannot determine what it is that Paras is alleging to be error.
An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson (1998), 126 Ohio App.3d 316, 321-322, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413. Proper appellate briefing standards are set forth in App.R. 16(A). Assignments of error (sixth through ninth and fourteenth) are deemed to be improperly briefed, and hence disregarded, due to the complete lack of citations to authority and argument containing reasons in support of the contentions. See App.R. 16(A)(7).
The tenth assignment of error alleges procedural error by not allowing Paras to testify that his new job constituted a change in circumstances since he was now making significantly less income. This situation was addressed in Haynie v. Haynie (1984), 19 Ohio App.3d 288, where a doctor sought to reduce his child support and alimony payments due to a substantial reduction in income. This court denied the appellant doctor's motion based on the totality of the situation; i.e., he chose to start a new practice and is still in a better position to earn more than his ex-wife. The court reasoned as follows: "Appellant has a new life now, but is still bound legally to the needs of the family that saw him through the most difficult years of his life." Id. at 290. Accordingly, it was within the discretion of the trial court to refuse to hear testimony on a change of circumstances where Paras is alleging he is now making substantially less money. The fact remains that Paras has historically made two and one-half times more income than his ex-wife throughout the duration of the marriage. The tenth assignment of error is overruled.
In his thirteenth assignment of error, Paras claims the trial court erred by not allowing his personal injury attorney to testify at trial that the $50,000 settlement proceeds were based solely as compensation for Paras' pain and suffering. The trial court only awarded Quinn $3,923 of the entire settlement proceeds which represented ten percent (10%) of the net settlement after fees and costs. The trial court did not need to hear testimony from Paras' attorney on this matter since the personal injury complaint in question stated a cause of action for loss of consortium. The lower court only awarded an amount (10%) that Ohio courts have determined to be fair where a spouse has a loss of consortium claim. See Marcum v. Marcum (1996), 116 Ohio App.3d 606. The court also properly ruled that the remaining ninety percent of the net proceeds was separate property of Paras. Any testimony from Paras' attorney would have been irrelevant and a waste of judicial time and resources. The thirteenth assignment of error is overruled.
The fifteenth and final assignment of error alleges that the trial court erred in granting an award of attorney fees to Quinn. Generally, the award of attorney fees in a domestic relations action is within the sound discretion of the trial court. Swanson v. Swanson (1976),48 Ohio St.2d 85. Accordingly, a reviewing court on appeal will not disturb the trial court's award of fees absent an abuse of discretion or a finding that such is against the manifest weight of the evidence. McCoyv. McCoy (1993), 91 Ohio App.3d 570.
Swanson also sets forth the guidelines that domestic relations courts should consider in calculating attorney fees. In the instant case, the trial court heard testimony from Quinn's attorney and allowed Paras to cross-examine the attorney regarding his billing practices. The court only required Paras to pay less than half of Quinn's total legal fees. The court, therefore, properly based its decision on the evidence presented and the guidelines established in Swanson in determining the reasonableness of the attorney fees. The fifteenth assignment of error is overruled.
All assignments of error having been considered and ruled upon, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN BLACKMON, J., CONCURS.
PATTON, P.J., CONCURS IN PART AND DISSENTS IN PART. (See separate Concurring and Dissenting Opinion.)