**MERKLE, Appellee,**

v.

**MERKLE, Appellant.**

[Cite as *Merkle v. Merkle* (1996), 115 Ohio App.3d 748.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 2.

Decided Nov. 25, 1996.

*Stephen R. Garea,* for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Warren W. Merkle, born August 31, 1936, appeals from an order of the Mahoning County Common Pleas Court, Domestic Relations Division, finding appellant in contempt for failure to pay spousal support and setting a support arrearage.

The marriage of the parties was terminated by judgment entry of divorce entered June 22, 1988. At the time of the divorce, there were no minor children. The judgment entry of divorce provided, in part:

"3. Husband shall pay Wife Seven Hundred Fifty Dollars ($750.00) per month alimony beginning July 1, 1987 plus poundage payable through the Mahoning County Child Support Enforcement Agency in semi-monthly installments.

"The alimony payments shall continue and shall terminate upon first of the following events to occur:

"A. Death of the Wife;

"B. Remarriage of the Wife;

"C. Cohabitation of the Wife with any male.

"Alimony shall continue until further order of this Court."

At the time of the divorce, appellant was employed by Sanese Catering, located in Columbus, Ohio. A wage withholding order was entered by the court at this time.

On August 9, 1989, the trial court entered an amended wage withholding order due to appellant's change in employment. The record reflects that appellant's new employment, with Little Turtle Country Club, provided appellant with a yearly income of approximately $35,000.

On October 17, 1989, appellee filed a motion in contempt, alleging that there existed a support arrearage in excess of $8,300. Thereafter, on January 4, 1990, appellant filed a motion to reduce the arrearage and alimony, alleging that he had been unemployed for a period of approximately six months, during which time the majority of the arrearage had accumulated. In addition, appellant argued that it had recently come to his attention that appellee had in fact been employed for a number of months and had been earning in excess of $12,000 annually and that appellee had concealed this matter of employment from the court. Appellant thus argued that the court should reduce the amount of the arrearage based upon the actual earnings of both appellee and appellant and requested that the court amend the amount of support payable to appellee based upon the parties' new actual earnings.

A hearing was held before the court's referee on January 16, 1990. The referee thereafter recommended that, due to a substantial change in circumstances, a modification of alimony should occur. The referee recommended that appellant's motion to reduce alimony be sustained and that appellant be ordered to pay the sum of $184.62 biweekly. In addition, the referee noted that the recommendation was based on equity principles in that not applying the reduction retroactively would result in appellee obtaining an inequitable benefit of receiving the full amount of alimony as awarded by the court at the same time she was receiving the financial benefits of her employment without consideration of need. Thus, the referee recommended that the arrearage be set at $1,898.84, including poundage.

Appellee thereafter filed an objection to the report. Upon considering the objections of appellee, the trial court sustained the objections. The trial court found that there was no authority contained in the judgment entry of divorce to diminish the alimony obligation of appellant except upon the occurrence of the three specified events set forth therein. In addition, the trial court found that there was no authority to retroactively reduce the accrued arrearage and alimony payments and found the alimony arrearage to be $7,967.84. The trial court ordered that appellant be required to continue to pay alimony at the rate of $750 per month.

The record reflects that, thereafter, appellant secured new employment with Golden Touch Demos, which provided him with a lower yearly income of $26,000.

On April 14, 1994, the trial court issued a show-cause order to appellant, ordering him to appear and show cause why he should not be found in contempt for failing to pay spousal support. At that time, it appears that the arrearage as of May 21, 1994 had increased to $15,235.88. A hearing before the trial court's referee took place on October 25, 1994. After the hearing, the referee issued his report, which was filed for record on November 7, 1994. In his report, the referee found that, since the time of the divorce through October 1, 1994, appellant was responsible for eighty-eight payments of $750, totalling $66,000. The referee further found that, as of the last receipt date of May 28, 1993, appellant had paid $46,413.11. The referee thus found that, as of October 25, 1994, the arrearage was $19,586.89.

The referee noted in his report that appellant testified that he could not financially afford to comply with the support order in full. The referee found that, at that time, appellant was employed at Golden Touch Demos as a client service manager, earning the sum of $26,000 per year. The referee further found that appellant was paid $785, net, on a biweekly basis and that the spousal support obligation as set by the court would be approximately forty-four percent of his net income.

The referee further found that appellant was in contempt of court in that he had not only failed to prove substantial compliance with the support order but also failed to prove any grounds or justification for his failure to comply with the order. The referee found that appellant had voluntarily terminated his previous employment, wherein he made $35,000 per year, and that, by appellant's own admission, he was able to pay a lesser amount but had elected to pay nothing for a period of approximately eighteen months. The referee therefore recommended that the trial court enter an arrearage of $19,586.89 as of October 25, 1994. The referee also recommended that appellant be ordered to continue to pay $750 per month, with a new wage withholding order to appellant's employer. The referee further recommended that appellant be ordered to pay $150 for the contempt finding, as well as $50 in court costs and $200 to appellee's attorney.

The trial court, by order entered November 25, 1994, adopted the report of the referee. Appellant then filed the instant appeal. Appellee has not filed a brief herein.

Appellant lists two assignments of error. In the first, appellant argues:

"A court may modify an existing order for payment of sustenance alimony upon the finding of a substantial change in circumstances that was not contemplated at the time of the order."

Appellant cites R.C. 3105.18(E) and *Wolding v. Wolding* (1992), 82 Ohio App.3d 235, 611 N.E.2d 860, and argues that the trial court has continuing jurisdiction to modify the terms or amounts of an order for periodic alimony if the circumstances of either party have changed and the decree contains a provision specifically authorizing the court to make such a modification. Appellant argues that, in the instant case, the judgment entry of divorce specifically states:

" * * * Alimony shall continue until further order of this court."

Appellant argues that this language explicitly reserves to the court the power and authority to modify or even discontinue alimony.

Appellant next cites *Bingham v. Bingham* (1983), 9 Ohio App.3d 191, 9 OBR 302, 459 N.E.2d 231, which sets forth a series of factors for the court's consideration when contemplating a modification in spousal support payments. Appellant argues that, under *Bingham,* he has shown a substantial change of circumstances which were not contemplated at the time of the divorce.

In addition, appellant cites *Roach v. Roach* (1989), 61 Ohio App.3d 315, 572 N.E.2d 772, and argues that the change in circumstances was not purposely brought about by him. In *Roach,* the court held that a former husband's retirement at age sixty-nine did not constitute a "voluntary act" barring modification or reduction of the husband's alimony obligation.

■ In order to resolve the first assignment of error, we first must determine whether the trial court erred in finding that it had no authority to modify appellant's alimony obligation.

R.C. 3105.18(E) provides in part:

"If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991 * * * the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

Under the above statute, there must be included in the judgment entry of divorce a clear intention to reserve jurisdiction to modify the alimony award. In *Kearns v. Kearns* (1990), 69 Ohio App.3d 305, 590 N.E.2d 797, the court found that the use of the words "subject to further order of the court" within the body of the paragraph specifying the parties' alimony obligations showed a clear intent on the part of the trial court to reserve jurisdiction to modify the alimony award. In *Meinke v. Meinke* (1989), 56 Ohio App.3d 171, 565 N.E.2d 875, the court made a similar finding.

In the instant case, paragraph three of the judgment entry of divorce clearly provided that "[a]limony shall continue until further order of this court." As in *Kearns*, we find that this language was a provision specifically authorizing the court to modify the amount or terms of alimony as required by R.C. 3105.18(D)(1). We therefore find that the trial court erred in determining that it had no authority to modify appellant's alimony obligation.

■ We must next determine whether appellant has shown a substantial change in circumstances that would enable the trial court to consider a modification of support. It has been noted that the alleged change in circumstances must not have been purposely brought about by the party seeking modification. See *Roach v. Roach,* 61 Ohio App.3d 315, 572 N.E.2d 772, citing *Nash v. Nash* (1945), 77 Ohio App. 155, 32 O.O. 409, 65 N.E.2d 728.

Courts which have considered whether a substantial change in circumstances has occurred have reached varying results. In *Roach, supra,* the court rejected the contention that the obligor's retirement at age fifty-nine constituted a voluntary act which barred modification of his alimony obligation. The *Roach*

court distinguished that situation from those cases where an obligor voluntarily quits his job and then later seeks modification. See *Boltz v. Boltz* (1986), 31 Ohio App.3d 214, 31 OBR 484, 509 N.E.2d 1274.

In *Thacker v. Thacker* (1991), 74 Ohio App.3d 348, 598 N.E.2d 1183, the court found that changes in the life of the obligor, including his remarriage and purchase of a new home and the birth of additional children, were voluntarily assumed. In *Thacker,* the obligee had substantially less income than the obligor, from a job which provided her with no medical benefits or possibility of promotion, and had only an eleventh grade education. Based upon those facts, the *Thacker* court found that the trial court had not abused its discretion in denying the obligor's motion to terminate alimony.

In *Haynie v. Haynie* (1984), 19 Ohio App.3d 288, 19 OBR 459, 484 N.E.2d 750, the court found that where a physician husband (who had previously earned a very large salary) discontinued his employment in order to open his own medical office, it was not an abuse of discretion for the trial court to overrule the husband's motion to reduce alimony and child support payments since the husband had failed to prove a substantial change in circumstances so as to justify the modification.

In *Haase v. Haase* (1990), 64 Ohio App.3d 758, 582 N.E.2d 1107, the court found that the obligor's retirement from his law firm due to health problems, causing a decrease in his yearly earnings, constituted a substantial change in circumstances justifying the modification of support.

Finally, in *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140, the Ohio Supreme Court held that employment by the obligee spouse, occurring after the initial order establishing support, is a factor which should be considered in determining whether to modify the obligor's obligation.

In the instant case, we find that appellant's decrease in income due to his inability to work the number of hours required for the job, coupled with the postdivorce employment of appellee, constituted a substantial change in circumstances justifying the modification of alimony. We therefore find that the trial court erred in finding to the contrary. This matter will thus be remanded to the trial court for a determination as to whether alimony is still necessary and, if so, what amount is reasonable. See *Bingham v. Bingham,* 9 Ohio App.3d 191, 9 OBR 302, 459 N.E.2d 231.

The first assignment of error is found to have merit.

In his second assignment of error, appellant argues:

"A court may apply a reduced amount of spousal support retroactively to be effective as of the date of the filing of the petition for modification."

Appellant acknowledges that there is no Ohio case law to support this argument. However, appellant cites a number of cases from other states which have held, either expressly or by implication, that an order modifying a decree as to spousal support could be made retroactive.

In a recent case, this court found that accrued and unpaid support could not be modified retroactively to a date prior to the filing of a request for modification. See *Rowland v. Mann* (Aug. 29, 1996), Jefferson App. No. 95–JE–26, unreported, 1996 WL 495578. In that case, we referred to *Naragon v. Naragon* (Oct. 24, 1990), Summit App. No. 14583, unreported, 1990 WL 163869, wherein the court held that parties are entitled to have an order modifying support relate back to the date that the motion for modification was filed. We find *Naragon* to be persuasive and hereby determine that the modification in the instant case may be made retroactive to the date of the filing of the contempt action dated April 14, 1994. However, based upon our holding in *Rowland v. Mann*, the arrearage accruing prior to that date must remain in effect.

The second assignment of error is found to be with merit.

The judgment of the trial court is hereby affirmed in part and reversed in part. The order of contempt, attorney fees and costs is affirmed, and the balance of the order is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.