OPINION
Defendant-appellant, Robert A. Vaughn, appeals the decision of the Madison County Court of Common Pleas, Domestic Relations Division, awarding plaintiff-appellee, Clara M. Vaughn, $15,000 in spousal support arrearages and denying Robert's motion for retroactive relief from spousal support.
The parties were married in New Jersey in 1953 and had two children, both of whom are emancipated. Some time after 1953, the parties moved to Ohio, and in 1961, Robert joined the law firm of Martin, Brown, Hull Harper in Springfield, Ohio as an attorney. In 1994, Robert involuntarily left the firm. He sought to establish a satellite office for Sebally, Shillito Dyer, a Dayton, Ohio law firm, but this arrangement did not work out. In 1995, Robert established his own legal practice.
A petition to dissolve the marriage was filed. On May 24, 1996, the trial court filed a decree of dissolution, incorporating a separation agreement prepared by the parties. Pursuant to the separation agreement, Robert was to pay $3,000 per month in spousal support until Clara's death or remarriage. The agreement divided marital assets, including Robert's 401K plan. Robert made spousal support payments until March 1998. From March to August 1998, he failed to make any payments. In August 1998, Clara remarried, ending Robert's obligation to continue to pay spousal support.
On August 25, 1998, Clara filed a motion to hold Robert in contempt for Robert's five-month failure to pay spousal support. A magistrate's hearing on the motion was scheduled for January 21, 1999. On the morning of the hearing, Robert filed a motion to retroactively reduce or terminate the spousal support.
Robert was the sole witness at the hearing. He testified that he did not make the contested support payments because he did not have the financial ability to pay. He testified that he secured a $100,000 line of credit from Security National Bank in Springfield, Ohio soon after leaving Martin, Brown, Hull Harper, and that he had since used that entire line of credit. Robert further testified that he had taken cash advances on credit cards totaling over $46,000. He stated he had also used all of the $115,000 he received when his 401K plan was divided. Robert testified that he used these resources to pay operating expenses of his practice and to make support payments to Clara. Robert stated that his present gross income was less than $25,000 per year, plus $1,415 per month in social security benefits.
On January 22, 1999, the magistrate filed a decision finding that Robert had insufficient assets to meet his financial obligations. The magistrate granted Robert's motion to terminate the spousal support payments retroactive to March 1998.
On February 8, 1999, Clara filed objections to the magistrate's decision. She argued that the magistrate could not retroactively terminate Robert's support arrearages. On March 29, 1999, the trial court filed a decision and entry sustaining Clara's objection. The trial court found that the magistrate was precluded from terminating arrearages that accrued prior to Clara's motion for contempt. The trial court awarded judgment to Clara for $15,000, but found that Robert was not in contempt. Robert appeals, raising a single assignment of error:
 THE COURT ERRED IN REVERSING THE DECISION OF THE MAGISTRATE THAT THE OBLIGATION OF THE DEFENDANT-APPELLANT TO MAKE MONTHLY ALIMONY PAYMENTS SHOULD BE TERMINATED RETROACTIVE TO MARCH 1998.
In his sole assignment of error, Robert contends that the magistrate was not precluded from ordering that Robert's support obligations be terminated retroactive to a time before Clara's motion for contempt. Robert argues that the equities of the case weigh in favor of the magistrate's decision.
The issue presented was addressed in Merkle v. Merkle (1996),115 Ohio App.3d 748. In that case, the parties' entered into a separation agreement which provided that the husband was to pay spousal support that was incorporated in a decree of divorce. On October 17, 1989, the wife filed a motion in contempt, alleging an arrearage exceeding $8,300. On January 4, 1990, the husband filed a motion to reduce the arrearage, alleging that he had been unemployed during the time the arrearage had accrued. A hearing was held, and a referee ordered that the arrearage be reduced to less than $2,000. The trial court sustained objections to the referee's decision, finding that the referee had no authority to retroactively reduce the accrued arrearage. On April 14, 1994, the wife filed a second motion in contempt, and the husband again sought to reduce the amount of the arrearage. Again, the trial court found it could not reduce the arrearage, and the husband was found in contempt.
On appeal, the husband argued that the trial court had authority to reduce the amount of the arrearage. The court of appeals ruled as follows:
 In a recent case, this court found that accrued and unpaid support could not be modified retroactively to a date prior to the filing of a request for modification.
Rowland v. Mann (Aug. 29, 1996), Jefferson App. No. 95-JE-26, unreported, 1996 WL 495578. In that case, we referred to Naragon v. Naragon (Oct. 24, 1990), Summit App. No. 14583, unreported, 1990 WL 163869, wherein the court held that the parties are entitled to have an order modifying support relate back to the date that the motion for modification was filed. We find Naragon to be persuasive and hereby determine that the modification in the instant case be made retroactive to the date of the filing of the contempt action dated April 14, 1994. However, based upon our holding in Rowland v. Mann, the arrearage accruing prior to that date must remain in effect.
Id. at 754.
In the instant case, the first motion relevant to any modification of Robert's support obligation was Clara's motion for contempt filed on August 25, 1998. Any arrearage accrued prior to August 25, 1998 may not be modified. Id. If Robert wanted to earlier modify his support obligation, it was incumbent upon him to file an appropriate motion. Accordingly, the assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.