OPINION
This timely appeal arises from a Judgment Entry of the Court of Common Pleas, Division of Domestic Relations, Mahoning County, Ohio, overruling Appellant's objections to a magistrate's decision and adopting the decision as its own. Appellant argues that the trial court erred in determining that it did not have subject matter jurisdiction to modify an earlier alimony award and further erred when it determined that Appellant still owned and operated a business and was therefore under a continuing obligation to provide Appellee with company health insurance. For all of the following reasons, this Court affirms the judgment of the trial court.
On March 1, 1990, Donald N. Keck ("Appellant") and Dorothy L. Keck ("Appellee") were granted a divorce by the Mahoning County Court of Common Pleas, Division of Domestic Relations, Mahoning County, Ohio. The divorce decree incorporated by reference a Separation Agreement signed by the parties. Article 10 of the Separation Agreement provides in relevant part as follows:
 "[Appellant] shall pay alimony to the [Appellee] in the amount of Two Thousand Four Hundred Dollars ($2,400.00) per month, which sum shall continue to be payable to the [Appellee] by the [Appellant] until such time as the [Appellee] remarries, takes up cohabitation with another individual in a marital state or otherwise for her life until she dies. Neither the Alimony nor the medical insurance provided for the [Appellee] in Article 3 hereof shall be affected, modified or reduced by any earned income the [Appellee] may earn from any source whatsoever, except Social Security benefits as set forth hereinafter."
The medical insurance provision referenced in Article 3 of the Separation Agreement provides that Appellant shall procure, maintain and pay for Appellee's health insurance, "for so long as [Appellant] owns and operates the business [Reliable Source of Metalwork, Inc.]".
The March 20, 1990, Divorce Decree contains the following provisions:
 "1. [Appellee] is granted a final and absolute divorce from [Appellant] based on the acts committed by [Appellant] constituting legal grounds for divorce; and the marital contract and obligations heretofore existing between the parties is hereby terminated and held for naught, and both [Appellant] and [Appellee] are hereby released from all legal and equitable obligations in connection therewith.
 "2. The fair and equitable Settlement Agreement of the parties * * * is hereby approved and adopted by this Court and each party is ordered to strictly comply with all of its terms and conditions.
 "3. All Exhibits hereto are made a part hereof.
4. All, until further Order of this Court."
Immediately following these typed statements, the following provision was handwritten and initialed by the parties:
 "Alimony payments shall be made thru the Child Support Enforcement Agency with poundage commencing 4-1-90."
On May 29, 1998, Appellant filed a Motion to Modify Spousal Support and Terminate Hospitalization. Appellant's motion was based on his assertion that his company was forced to go out of business and that he was now unemployed. Appellee responded on June 18, 1998, by filing a Civ.R. 12 (B) (1) Motion to Dismiss for lack of subject matter jurisdiction.
On July 31, 1998, a hearing was held before a magistrate to address the two pending motions and on August 27, 1998, the Magistrate's Decision was filed. The Magistrate determined that the divorce decree did not contain sufficient language to reserve continuing jurisdiction in order to modify alimony, as required by R.C. § 3105.18(E). The Magistrate also concluded that Appellant had failed to provide sufficient evidence to prove his claim that he no longer owned and operated Reliable Source of Metalwork, Inc. (Magistrate's Decision, p. 4). As such, Appellant's motion to terminate Appellee's health insurance was also denied.
On September 9, 1998, Appellant timely filed Civ.R. 53 objections to the Magistrate's decision with the trial court. A hearing on Appellant's objections was held on October 27, 1998. By way of a Judgment Entry dated November 20, 1998, the trial court overruled both of Appellant's objections and adopted the Magistrate's Decision in full.
It is this judgment of the trial court which forms the basis for this timely appeal. In his first assignment of error, Appellant argues that:
 "THE LOWER COURT ERRED BY FINDING THEY DID NOT HAVE JURISDICTION TO HEAR APPELLANT'S MOTION."
The determination of whether a court has subject matter jurisdiction is a matter of law and is reviewed de novo. Baker v.Terex Div., General Motors Corp. (1989), 65 Ohio App.3d 704, 709. Since the divorce was granted on March 1, 1990, both parties agree that the question of subject matter jurisdiction of a trial court to modify a previous award of continuing alimony is governed by R.C. § 3105.18(E). That statutory section provides in relevant part:
 "If a continuing order for periodic payments of money as alimony is entered in a divorce * * * that is determined on or after May 2, 1986, and before January 1, 1991, * * * the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the mount or terms of the alimony or spousal support unless the court determines that the circumstances of either party has changed and unless one of the following applies:
 "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated in the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
(Emphasis added).
Appellant contends that the boiler plate phrase, "[a]ll until further Order of this Court," contained in his divorce decree satisfies the specific authorization requirement codified in R.C. § 3105.18(E) (1) to reserve the continuing jurisdiction of the trial court to modify the alimony award. In support of his position, Appellant directs this Court's attention to three unreported cases from two other appellate districts which purportedly stand for this proposition: Stadelman-Wells v. Wells
(April 20, 1995), Franklin App. No. 94APF09-1361, unreported;Kirkwood v. Kirkwood (September 4, 1996), Hamilton App. No. C-950940, unreported; Kopich v. Kopich (March 13, 1998), Hamilton App. No. C-970175, unreported.
Appellant's argument is unpersuasive. As a preliminary matter, two of the cases cited by Appellant, Kirkwood and Kopich, do not pertain to the applicability of R.C. § 3105.18(E). By its very terms, R.C. § 3105.18(E) only applies to continuing
orders for periodic payments of alimony, such as in the case at bar, while Kirkwood and Kopich address situations where alimony payments ended on a specified date. Indeed, both cases specifically acknowledge that R.C. § 3105.18(E) did not govern the issues presented. Therefore, Appellant's reliance on these cases is misplaced.
While Wells, supra, does pertain to the applicability of R.C. § 3105.18(E), the facts of that case are easily distinguishable from the facts before us. In Wells, there was only one economic provision that required a specific clause conferring jurisdiction in the court to modify the terms of the award. Id. The separation agreement in Wells contained a provision for child support, on which the trial court has continuing jurisdiction pursuant to R.C. § 3105.65(B), and a provision pertaining to property division, which is not subject to future modification, as explained in R.C. § 3105.171(I). Therefore, the open-ended reservation of jurisdiction in Wells, which stated that, "[t]his Agreement is, however, subject to review and modification and to further Order of this Court", could only rationally apply to the award of continuing alimony payments. Id.
We are presented with an entirely different set of facts in the matter at bar. The separation agreement at issue in this case contains three distinct areas which could arguably be the subject of the reservation of jurisdiction clause: it could apply to the issue of alimony (as argued by Appellant); to the issue of termination of Appellee's health benefits; or to the consequences of Appellee receiving social security benefits. (Separation Agreement, Articles 3 and 10).
Due to this ambiguity, this Court is unable to say that the general reservation of jurisdiction language, "specifically authoriz[es]" the trial court to have jurisdiction over the subject matter of continuing alimony payments. R.C. § 3105.18
(E). This reasoning is consistent with previous decisions of this Court. In Merkle v. Merkle (1996), 115 Ohio App.3d 748, this Court held that the phrase, "[a]limony shall continue until further order of this court," was a specific provision authorizing the court to have continuing jurisdiction over the issue of alimony. Id. at 752. (Emphasis added); See, e.g., Cermakv. Cermak (1998), 126 Ohio App.3d 589. Juxtaposing the general reservation of jurisdiction in the case sub judice to the language at issue in Merkle, it is clear that the instant separation agreement does not contain the level of specificity necessary to confer continuing jurisdiction in the trial court to modify the award of alimony as required by R.C. § 3105.18
(E). As such, Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant argues that:
 "THE LOWER COURTS ERRED IN THE FINDING THAT APPELLANT WAS STILL EMPLOYED BY RELIABLE SOURCE OF METALWORK, INC."
Appellant correctly contends that the March 1, 1990, Divorce Decree obligates Appellant to provide and pay for Appellee's health insurance only for so long as he owns and operates his business, Reliable Source of Metalwork, Inc. Appellant maintains, however, that he presented sufficient evidence to demonstrate that he was in the process of winding up the affairs of the corporation and that this cannot be reasonably interpreted as, "owning and operating," the business. Therefore, it is obvious that Appellant assigns as error a factual finding of the trial court.
In a domestic relations case, a factual determination by a trial court will not be disturbed on appeal except upon a showing that such a finding was an abuse of discretion. In order to find an abuse of discretion we must find more than an error of law or judgment, but rather, an unreasonable, arbitrary, or unconscionable attitude in the lower court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Appellant has the burden of demonstrating that, "the result [is] so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hospital
(1996), 75 Ohio St.3d 254, 256.
The record before us contains a substantial amount of evidence to support the trial court's determination that Appellant continued to own and operate his business. First, Appellant testified that the corporation had not been dissolved. (Transcript, p. 29). Appellant also testified that he was still the owner of 100% of the company's stock and that he maintained a portion of his files at the place of business. (Transcript, pp. 29-30, 41). He further admitted that he had been to the company the day before the hearing and the previous week. (Transcript, pp. 40-41). In addition, Appellant conceded that the company was still operating to pay taxes and to satisfy creditors. (Transcript, p. 14).
The record is entirely devoid of evidence which would indicate Appellant has even begun the process of dissolving the corporation pursuant to the requirements of R.C. Chapter 1702. Indeed, the only evidence before the trial court was that Appellant was the owner of the business, that the business still exists as a corporation and that the corporation is still operating. As such, there is nothing to suggest that the trial court acted in an unreasonable, arbitrary, or unconscionable fashion when it determined that Appellant continued to own and operate Reliable Source of Metalwork, Inc. and thus, denied his motion to terminate Appellee's health insurance coverage.
Finding no merit in either of Appellant's assignments of error, each are overruled and the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
Cox, P.J., concurs, Donofrio, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE