OPINION
Defendant-appellant/cross-appellee, Michael Filicky, timely appeals a decision rendered by the Mahoning County Court of Common Pleas, Division of Domestic Relations, whereby the trial court terminated Michael's spousal support obligation to plaintiff-appellee/cross-appellant, Shirley Filicky, and reallocated parental rights for the minor child, Andrew Filicky, age 5, to Michael Filicky.
The parties' marriage was terminated by a divorce decree dated August 14, 1998. One child, Andrew Filicky, was born issue of the marriage. Andrew was born on April 25, 1993. At the time of divorce, the trial court imposed a shared parenting arrangement for custody of the minor child Andrew.
On September 3, 1998, Shirley Filicky filed a motion with the trial court to terminate the shared parenting plan and relocate to the state of Texas. Shirley stated that she had obtained employment outside of the state of Ohio, and wished to move to Texas with Andrew. Michael Filicky contested the removal of the child from the state of Ohio, and filed a motion for redetermination of parental rights and responsibilities. Mr. Filicky also filed a motion to terminate spousal support.
After holding a series of hearings on the matters, the magistrate ruled on the parties' motions. On May 6, 1999, the magistrate entered a judgment in favor of Michael Filicky terminating the shared parenting plan. The magistrate designated Michael Filicky as Andrew's residential parent, and granted Shirley Filicky visitation rights. In a subsequent order entered May 17, 1999, the magistrate also entered a judgment entry terminating Michael Filicky's spousal support obligation as of May 6, 1999.
Each party filed objections to the decisions of the magistrate. On July 12, 1999, the trial court judge issued a judgment entry adopting both the May 6, 1999 and the May 17, 1999 decisions of the magistrate.
Shirley Filicky filed timely notice of cross-appeal on July 20, 1999 while Michael Filicky filed timely notice of appeal on July 28, 1999.
Michael Filicky's sole assignment of error states:
 "THE TRIAL COURT ERRED IN TERMINATING THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION ON MAY 1, 1999 [sic] RATHER THAN JANUARY 1, 1999, [sic] THE DATE ON WHICH APPELLANT HAD FILED HIS MOTION TO TERMINATE SAME."
Shirley Filicky's sole assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW PLAINTIFF-APPELLEE/CROSS-APPELLANT [SHIRLEY FILICKY] TO REMOVE THE MINOR CHILD FROM THE STATE OF OHIO TO THE STATE OF TEXAS."
The parties' assignments of errors raise overlapping issues of analysis which can be resolved with one discussion.
In Michael Filicky's sole assignment of error, Michael Filicky argues that the trial court erred in terminating his spousal support obligation on May 6, 1999 rather than January 6, 1999, the date on which Michael Filicky filed his motion to terminate spousal support. Michael Filicky argues that pursuant to this court's ruling in Merkle v. Merkle (1996),115 Ohio App.3d 748, an order of the trial court modifying spousal support should be retroactive to the date such modification was first requested.
The finding as to whether there has been a change in circumstances that, ultimately, warrants modification or termination of spousal support will not be reversed absent an abuse of discretion. Mottice v. Mottice
(1997), 118 Ohio App.3d 731, 735, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Modification of spousal obligations may be maderetroactive to the date of the filing of the motion to modify spousal support. Merkle, 115 Ohio App.3d at 754. However, the ability to order retroactive modification and a mandate to make such an order are not the same thing. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 640. "While retroactive modification of spousal support is the better practice in most cases, the trial court's decision not to do so is discretionary * * *." Id.
Likewise, the standard of review to be applied by an appellate court on review of an order concerning modification of parental rights is abuse of discretion. Masters v. Masters (1994), 69 Ohio St.3d 83, 85. "Thus, the discretion afforded the trial court must be given the `utmost respect'; we presume, unless the record shows otherwise, that the court's findings were correct." Waggoner v. Waggoner (1996), 111 Ohio App.3d 1, 4, citingMiller v. Miller (1988), 37 Ohio St.3d 71, 74.
After thoroughly reviewing the findings of fact available in the record, we find that there is neither sufficient support in the record before us to find that the trial court abused its discretion in not terminating Michael Filicky's spousal support obligation January 6, 1999, the day on which he filed for spousal support modification, nor is there sufficient evidence present in the record to find that the trial court abused its discretion in its reallocation of parental rights.
The trial court terminated Michael Filicky's spousal support obligation on the date of the hearing rather than the date which Michael Filicky filed the motion to terminate spousal support. Although the trial court recognized that Shirley Filicky would significantly increase her income, the trial court was also presented with evidence showing that Shirley Filicky would be incurring additional expenses in her relocation to Texas. With this in mind, it cannot be said that the trial court acted in an arbitrary or unconscionable manner in terminating Michael Filicky's spousal support obligation on the date of the spousal support termination hearing.
The trial court also reallocated parental rights to Michael Filicky. The trial court was presented with evidence demonstrating that Shirley Filicky had failed to actively seek employment within Ohio. In addition, there were concerns raised over the "timing" of Shirley Filicky's decision to relocate to Texas. Shirley Filicky notified the trial court of her intent to relocate only twenty-one days after the entering of the divorce decree. The trial court was not advised of this relocation during the divorce proceedings or in its determination of shared parenting. The trial court's decision depended heavily on the assessment of witness credibility. With this in mind, we cannot say that the trial court abused its discretion and acted in an arbitrary or unconscionable manner.
When a party seeks an appeal, the party seeking appeal bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the duty of the party seeking review to provide the reviewing court with an adequate transcript. Burrell v. Kassicieh (1998),128 Ohio App.3d 226, 232, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
Both parties have failed to comply with App.R. 9. App.R. 9 provides in pertinent part:
 "(B) The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered
 "At the time of filing the notice of appeal the appellant in writing, shall order from the reporter a complete transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk.
"* * *
 "At the time of ordering, the party ordering the transcript shall arrange for the payment to the reporter of the cost of the transcript." (Emphasis added.)
Neither appellant, Michael Filicky, nor cross-appellant, Shirley Filicky, have provided the court with a transcript of the proceedings. Although appellant Michael Filicky apparently filed a request for the transcript on July 28, 1999, appellant has failed to comply with App.R. 9(B) by failing to provide for payment of the transcript. An examination of the docket and the record shows no evidence demonstrating payment for the transcript. In addition, cross-appellant Shirley Filicky also failed to comply with App.R. 9 by failing to file a request for a transcript.
Because the parties failed to provide the court with a transcript, the court's analysis has been limited to the materials found in the record. Since the record before the court does not demonstrate the claimed errors, the judgment of the trial court is hereby affirmed.