OPINION
In this accelerated calendar case, submitted on the record and briefs of the parties, appellant, Roseann T. Schwartz, appeals the final judgment of the Lake County Court of Common Pleas, Domestic Relations Division, which directed her to repay appellee, David L. Schwartz, previously ordered temporary spousal support.[1]
The record reveals that the parties were married on January 10, 1976. Two children were born as issue of the marriage. After twenty-one years of marriage, the parties separated in 1997.
On August 4, 1997, appellant filed a complaint for divorce along with a motion for pendente lite spousal support with the Lake County Court of Common Pleas, Domestic Relations Division. On September 12, 1997, appellant obtained a Civ.R. 75 (M) [now Civ.R. 75(N)] order from the trial court for temporary spousal support in the amount of $950 per month. Almost immediately, objections to this determination were filed by appellee together with a request for a hearing on September 18, 1997, pursuant to Civ.R. 75(M) [now Civ.R. 75(N)(2)].[2]
Although appellee requested a hearing on this matter, the parties agreed to defer the objections to final trial.[3] Subsequently, on August 7, 1998, appellee filed a motion to vacate/terminate the temporary spousal support and sought repayment or recoupment of the support paid during the pendency of the litigation.
A hearing was held in this matter before the magistrate on February 2, 1999. The evidence adduced at the hearing indicated that during the marriage appellant stayed at home, was a housewife, and raised the children. Since the separation, appellant, who is forty-five years old, worked part-time for a department store as a stock person earning $7 per hour and as a secretary at a local church earning $10 per hour. During the years that appellant worked there, she received a total income of $7,600. Appellee, who is also forty-five years old, worked at the maintenance department at the Perry Nuclear Plant with a salary of $99,500. After the parties separated in 1997, appellant began cohabiting with another man.
In a decision issued on April 30, 1999, the magistrate granted appellant a divorce on the grounds of incompatibility. It was noted that as of April 1999, appellee had paid approximately $19,000 in temporary spousal support.
In addition, the magistrate made the following findings:
 "The Magistrate determines that in view of the discrepancy in incomes; the length of the marriage, and all of the other factors as set forth above, that it is appropriate that husband pay the sum of $950.00 per month as and for temporary spousal support, and he shall continue to do so through the April 1999 payment.
"* * *
 "The Magistrate awards wife [appellant] no permanent spousal support, due to her lack of entitlement because of her co-habiting in a situation similar to marriage since she left the husband [appellee]. However, in view of wife's questionable health and the longevity of the marriage, the Court shall maintain jurisdiction to modify the spousal support provision, upon an appropriate motion filed, based upon a substantial change in circumstance." (Emphasis added.)
 Accordingly, the magistrate dismissed appellee's objections and motion to vacate the temporary support order. Instead, the magistrate ordered appellee to pay the sum of $950 through April 1999, at which time the obligation to pay temporary spousal support would terminate.
In response to the magistrate's decision, appellee filed objections with the trial court on May 14 and May 24, 1999. Therein, appellee argued that the magistrate should have granted his motion to vacate the temporary spousal support order because the magistrate found that a marriage-like relationship existed during the divorce proceeding between appellant and another man. According to appellee, the magistrate should have directed appellant to repay appellee the $950 paid per month since September 12, 1997.
A hearing in this matter was held, and on July 27, 1999, the trial court issued a judgment entry terminating appellee's temporary spousal support obligation on the basis that appellant was cohabiting with another man:
 "Given the totality of the evidence before the Magistrate on the issue of spousal support, the Court finds husband's objections well taken and the same should be granted. When the statutory factors of O.R.C. 3105.18 are considered the only factor upon which spousal support either pendente lite or Post-Decree could be granted is `duration of the marriage.' However, when this factor is weighed against all the other statutory factors, the Magistrate's decision over-ruling husband's objections to the temporary spousal support order, and over-ruling his motion to terminate and recoup are not supported by the evidence. Likewise, his decision suggesting the court should retain jurisdiction in-part due to wife's questionable health is not supported by the evidence. Viewing the factors as a total picture there can be no basis for spousal support pendente lite or permanently nor a reservation of jurisdiction. * * *"
 Based on the above findings, the trial court issued a final judgment entry of divorce on March 28, 2000, granting judgment against appellant in the amount of $20,875.49, which apparently represented the recoupment amount of the temporary spousal support payments.
From this judgment appellant filed a timely notice of appeal, asserting a single assignment of error for our consideration:
 "The trial court erred to the prejudice of plaintiff in ordering repayment (recoupment) of plaintiff's previously ordered alimony pendente lite."
 Although appellee never sought a stay of the temporary spousal support order, a trial court would generally refuse to grant a stay of a temporary spousal support order. In most instances, the underlying purpose of such support is to provide the economically disadvantaged spouse maintenance during the pendency of the divorce proceeding so to preserve the status quo. DiLacqua v. DiLacqua (1993), 88 Ohio App.3d 48, 54; Soley v. Soley (1995), 101 Ohio App.3d 540, 548.
Having said that, we turn now to the merits of this case. It is significant to note that under the sole assignment of error, appellant does not posit that the trial court erred in terminating the temporary spousal support on the basis of cohabitation or that the court erred in calculating the amount owed by appellant. Rather, appellant specifically contends that the trial court was without power or authority to order repayment of the previously ordered spousal support pendente lite. According to appellant, there is nothing in Ohio's rules or statutes that specifically grant the domestic relations court the power to make such an order; as a result, this court must look to other jurisdictions for persuasive authority.
In determining domestic relations matters, a reviewing court applies an abuse of discretion standard. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. To constitute an abuse of discretion, the trial court's determination must have been unreasonable, arbitrary or unconscionable. Blakemore at 219; Moore v. Moore (1992),83 Ohio App.3d 75; Kahn v. Kahn (1987), 42 Ohio App.3d 61, 65. Further, "[a] reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67.
It is well-settled that under R.C. 3105.18(B), the trial court has the authority to award reasonable temporary spousal support to either party during the pendency of a divorce proceeding. Civ.R. 75(N)(1) also governs the granting of temporary spousal support and permits a trial court or magistrate to grant spousal support pendente lite for the party's sustenance and expenses during the suit.
Contrary to appellant's assertion, certain Ohio appellate courts have upheld repayment orders for temporary spousal support. See, e.g.,Costarella v. Costarella (June 3, 1998), Summit App. No. 18567, unreported, at 3, 1998 WL 289396 (upholding a trial court's order to have wife repay husband for overpaid temporary spousal support when wife failed to demonstrate any error in the trial court's calculation);Daniele v. Daniele (Nov. 7, 1997), Guernsey App. No. 97-CA-3, unreported, at 7-8, 1997 Ohio App. LEXIS 5349 (holding that the trial court did not abuse its discretion in ordering repayment to husband of amount overpaid in temporary spousal support).
In addition, numerous Ohio appellate courts have also upheld retroactive orders concerning spousal support. See, e.g., Merkle v.Merkle (1996), 115 Ohio App.3d 748, 754 (holding that an order modifying a spousal support obligation may be made retroactive to the date of the filing of the motion for modification); Thomas v. Thomas (1991),76 Ohio App.3d 482, 487 (holding that the trial court did not abuse its discretion in terminating husband's duty to pay alimony based on wife's cohabitation retroactive to the date of the filing his motion for termination when husband failed to prove a specific date upon which cohabitation began by wife); Keeley v. Keeley (Apr. 17, 2000), Clermont App. Nos. CA99-07-075 and CA99-08-080, unreported, at 3, 2000 WL 431362 (upholding retroactive order terminating temporary spousal support upon commencement of cohabitation); Tomasik v. Tomasik (Jan. 29, 1997), Summit App. No. 17822, unreported, at 3-4, 1997 WL 45055 (holding that modification of support obligation should relate back to the date the motion for modification was filed unless trial court provides a reason for doing otherwise).
Based on the above case law, we determine that a trial court does, indeed, have the authority to order repayment of temporary spousal support. Accordingly, appellant's
sole assignment of error is without merit, and the judgment of the trial court is affirmed.
____________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] The term pendente lite and temporary spousal support can be used interchangeably.
[2] Temporary orders of spousal support pendente lite are governed by Civ.R. 75(N), and it provides in part:
 "* * * Upon request, in writing, after any temporary spousal support, * * * the court shall grant the party so requesting an oral hearing within twenty-eight days to modify the temporary order. A request for oral hearing shall not suspend or delay the commencement of spousal support or other support payments previously ordered * * * until the order is modified by journal entry after the oral hearing." (Emphasis added.) Civ.R. 75(N)(2).
[3] This is reflected in the magistrate's order dated October 16, 1997.