OPINION
Defendant-appellant Agatha Martin Williams (hereinafter "wife") appeals the October 16, 2000 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying wife's Motion to Impose Jail Sentence and Modify Wage Withholding, and reducing the spousal support obligation of plaintiff-appellee Stanley V. Williams (hereinafter "husband").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on August 4, 1984, in Canton, Ohio. Three children were born as issue of said union, to wit: Andreya (DOB 8/7/89); Alicia (DOB 12/18/92); and Stanton (DOB 12/7/95). Husband filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division, on February 2, 1999. Wife filed a timely answer and counterclaim for divorce. The matter came on for final hearing on October 15, 1999. Via a January 6, 2000 Judgment Entry/Decree of Divorce, the trial court granted wife a divorce upon the grounds of adultery. With respect to spousal support, the trial court ordered husband to "continue to pay the mortgage on the marital residence, including insurance premiums, ($767 per month) for a period of five (5) years, without the continuing jurisdiction of the Court." January 6, 2000 Judgment Entry/Decree of Divorcee at 20. (Emphasis added). On September 8, 2000, wife filed a Motion to Impose Jail Sentence and Modify Wage Withholding. Wife moved the trial court for an order imposing a suspended jail sentence upon husband due to his failure to purge himself of the trial court's July 31, 2000 finding of contempt which resulted from husband's untimely mortgage payments. Additionally, wife moved the trial court to modify husband's wage withholdings to include the mortgage payment. The trial court conducted a hearing on wife's motion on September 15, 2000. Via Judgment Entry dated October 16, 2000, the trial court denied wife's motion on both prongs. Further, the trial court reduced husband's spousal support obligation, ordering the following: 2. [Husband] is to open an escrow savings and/or checking account at a bank or his choice and will deposit the principal and interest ($591.93) and insurance ($33.75) portion of the monthly mortgage payment ($625.68) on the day before the first day of each month. [Wife] will pay the property tax ($120.13) portion of the monthly mortgage on the day before the first day of each month to the account. [Husband] shall execute the necessary documents with the Mortgage Service Center for automatic withdrawal from the account to ensure timely payment of the monthly mortgage so as not to negatively impair [husband's] or [wife's] credit rating. The Mortgage Service Center will then debit this account on the first of each month to ensure timely payment of the entire monthly mortgage payment ($745.81). As the amounts are adjusted on an annual basis by the Mortgage Service Center, [husband] will continue to be responsible for the principal, interest, and insurance portion and [wife] will continue to be responsible for the property tax portion of the monthly payment.
3. [Husband's] payment of the property tax portion of the monthly mortgage payment from January 2000 to September 2000 ($120.13 x 9 months = $1081.17 of $1081.17 will be offset against monies award [wife] per the prior Court order of $1,188.50. [Husband] will pay [wife] the difference of $107.33 within 90 days of the filing of this Court.
October 16, 2000 Judgment Entry at 2-3.
It is from this judgment entry wife appeals, raising as her sole assignment of error:
 THE TRIAL COURT ERRED IN REDUCING THE AMOUNT OF SPOUSAL SUPPORT IN DEROGATION OF THE JUDGMENT ENTRY IN WHICH THE COURT SPECIFICALLY REJECTED CONTINUING JURISDICTION TO MODIFY SAME.
 I
Herein, wife maintains the trial court erred in reducing husband's spousal support obligation as such amounted to a modification, in derogation of the original decree of divorce wherein the trial court's specifically stated it would not retain jurisdiction. R.C. 3105.18(E), which governs spousal support, provides: (E) * * * if a continuing order for periodic payments of money as spousal support is entered in a divorce * * *, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support. "[A] decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years * * * unless the decreeing court expressly reserves jurisdiction to modify." Ressler v. Ressler (1985), 17 Ohio St.3d 17, 18. Pursuant to R.C. 3105.18(E), "there must be included in the judgment entry of divorce a clear intention to reserve jurisdiction to modify the alimony award." Merkle v. Merkle (1996), 115 Ohio App.3d 748, 752. The trial court herein explicitly stated the spousal support obligation was "without the continuing jurisdiction of the Court." Wife submits the October 16, 2000 Judgment Entry modified the spousal support award, which the trial court did not have the authority to do. Husband contends the trial court did not modify the spousal support obligation, but "merely clarified two conflicting provision[s] in the Divorce Decree," specifically paragraphs B and L. Brief of Appellee at 5. Paragraph B provides: Real Estate: Marital Residence: Both parties stipulated to the awarding of the marital home to the [wife]. [Wife] will be given a period of five (5) years to refinance the parties mortgage and will be awarded the equity in the home.
IT IS SO ORDERED ADJUDGED AND DECREED THAT the marital residence is awarded to the [wife]. [Wife] shall refinance the home within a period of five (5) years so as to cause the [husband's] name to be removed from the mortgage loan and all obligations relative thereto. The [husband] shall quit-claim his interest in the home to [wife]. [Husband] shall be responsible for the mortgage and insurance for the home and shall hold defendant harmless from same. [Wife] shall be responsible for the utilities and taxes for the home and shall hold [husband] harmless from same. [Husband] shall execute a quit claim deed to the [wife] for all of his interest in the marital home within thirty (30) days of the filing of the Judgment Entry and Final Decree. Paragraph L, however, requires husband "to pay the mortgage * * *, including the insurance premiums" in the amount of $767/month, with no mention of the property taxes. The total monthly mortgage obligation, including insurance premiums and taxes, is $767. Husband asserts wife ignores these conflicting provisions and focuses solely on the parenthetical notation, indicating $767/month, as support of her position the trial court intended for husband to be responsible for the taxes. We find the trial court's actions did not merely clarify its previous spousal support award, but rather modified husband's obligation. Husband attempts to disregard the spousal support amount of $767/month because such figure is found in parentheses. Although set forth as a parenthetical notation, we find such figure clearly indicates the amount of spousal support to be paid by husband. Because the trial court did not reserve jurisdiction pursuant to R.C.3105.18(A), the trial court was without authority to modify this amount. The procedural posture this case has taken is equivalent to a collateral attack of the original decree of divorce from which no appeal was timely filed. Accordingly, we find the trial court erred in reducing husband's mortgage obligation. Wife's sole assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed.
 _______________ Hoffman, J.
Farmer, J. and Boggins, J. concur