OPINION
{¶ 1} Defendant-appellant, Arthur N. Flauto, appeals from the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee's, Margaret F. Flauto's, motion for an increase in spousal support.
 {¶ 2} The parties divorced in 1995. Since that time, there have been several modifications in spousal support. The most recent modification came about as a result of appellee's June 19, 2001 motion for upward modification of spousal support and re-implementation of medical insurance and appellant's July 20, 2001 cross-motion for termination or downward modification of spousal support. At that time, appellant was paying appellee spousal support of $1,500.00 per month. The trial court held a hearing on the matter on October 26, 2001. In its December 18, 2001 judgment entry, the court determined that an increase in support was appropriate and ordered that appellant's monthly obligation be increased by $500.00. The court based its decision primarily on appellee's change in employment. Appellant filed his timely notice of appeal on January 14, 2002.
 {¶ 3} Appellant raises four assignments of error, the first of which states:
 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND DID NOT HAVE JURISDICTION TO MODIFY THE COURT'S PRIOR SPOUSAL SUPPORT ORDER WHERE, AS HERE, THE TRIAL COURT FAILED TO MAKE A SPECIFIC FINDING AS REQUIRED BY R.C. § 3105.18(E) THAT THERE WAS A CHANGE IN CIRCUMSTANCES WHICH WOULD JUSTIFY A MODIFICATION OF THE PRIOR ORDER."
 {¶ 5} Appellant argues that the trial court erred because it never specifically found in its judgment entry that there was a "change in circumstances" as is required by R.C. 3105.18(E)(F).
 {¶ 6} The finding as to whether there has been a change in circumstances that, ultimately, warrants modification or termination of spousal support will not be reversed absent an abuse of discretion.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore,5 Ohio St.3d at 219.
 {¶ 7} R.C. 3105.18(E) provides, in pertinent part, the court that enters the decree of divorce does not have jurisdiction to modify the amount of spousal support unless the court determines that the circumstances of either party have changed. A "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 8} In its judgment entry, the trial court failed to make a specific finding that a change in circumstances existed. However, it stated that, "[b]ased principally upon the change of employment of the [appellee] the court orders that the spousal support be modified." (December 18, 2001 Judgment Entry). Thus, although the court did not make an explicit statement that it found a change in circumstances, it did find a change in appellee's employment/wages.
 {¶ 9} The evidence at the hearing supports the trial court's finding. Appellee testified that in October of 2000 she was hired as an art teacher in DeSoto County, Florida earning approximately $30,000.00 annually plus benefits. (Tr. 23, 25). She further testified that the school board did not renew her contract because it determined that it no longer required her position at the high school. (Tr. 33). Appellee testified, and Plaintiff's Exhibit three verified, that appellee's termination was by no fault of her own. (Tr. 33, 36). Based on this evidence, the trial court's finding of appellee's change in employment was supported by the record.
 {¶ 10} Moreover, there is no requirement in the statute that the trial court must use the magic words, "the court finds a change in circumstances" when ordering a modification in spousal support. R.C.3105.18(E) provides, "the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed * * *." (Emphasis added.) In contrast, R.C.3105.18(C)(1)(n) provides that the court consider, "[a]ny other factor that the court expressly finds to be relevant and equitable." (Emphasis added.) Thus, had the legislature intended that courts use the magic words, "change in circumstances" when determining whether or not to modify spousal support, it most likely would have provided in R.C.3105.18(E) that the court must "expressly find" a change in circumstances. The trial court in this case properly "determined" that a change in circumstances occurred as is required by R.C. 3105.18(E). Accordingly, appellant's first assignment of error is without merit.
 {¶ 11} Appellant's second assignment of error states:
 {¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING THE PLAINTIFF'S MOTION FOR AN INCREASE IN SPOUSAL SUPPORT, WHERE, AS HERE, THERE WAS NO EVIDENCE OF ANY SUBSTANTIAL CHANGE IN CIRCUMSTANCES AT THE TIME OF THE HEARING WHICH WOULD JUSTIFY SUCH A MODIFICATION."
 {¶ 13} Appellant contends appellee failed to present evidence that demonstrated a substantial change in circumstances to warrant an increase in spousal support. He points out that the burden to show the change in circumstances lies on the movant. Citing, Shepherd v. Shepherd (Apr. 10, 2000), 7th Dist. No. 97-JE-16. Appellant alleges that appellee failed to show that her overall income had substantially dropped since the parties' last spousal support hearing in December 2000. He contends that at the December 2000 hearing the evidence demonstrated that appellee received about $2,885.00 per month; while at the October 2001 hearing the evidence revealed that she received approximately $2,974.00 per month. Additionally, appellant notes that appellee testified she received $10,000.00 when her mother passed away from an account that she held with her mother.
 {¶ 14} "Modification of spousal support is warranted only when a substantial change in the circumstances of the parties exists." Carnahanv. Carnahan (1997), 118 Ohio App.3d 393, 397. The burden of proving a change in circumstances lies on the movant. Shepherd, 7th Dist. No. 97-JE-16.
 {¶ 15} The previous order of spousal support had been in effect since November 15, 2000. (May 14, 2001 Judgment Entry). The previous hearing was held on December 20-22, 2000. Thus, the trial court was obligated to only consider the evidence from that time forward. After reviewing the evidence, it is clear that the trial court did not abuse its discretion in finding a change in appellee's circumstances.
 {¶ 16} Since the December 2000 hearing, the most significant change in the parties' circumstances is that appellee lost her job. Appellee was employed as an art teacher in a Florida high school earning approximately $30,000.00 per year plus hospitalization. (Tr. 23, 26). However, at the time of the October 2001 hearing, appellee was unemployed and had to pay for Cobra insurance. (Tr. 26). Appellee testified that she was collecting unemployment of $229.00 per week. (Tr. 26). When we multiply $229.00 by 52 weeks, we learn that appellee would collect $11,908.00 in one year. In addition to her unemployment, appellee is also receiving social security disability in the amount of $482.00 per month. (Tr. 25; Plaintiff's Exhibit one). Calculated at a yearly rate, appellee receives $5,784.00 from Social Security. Adding her Social Security to her unemployment, appellee collects approximately $17,692.00 annually. However, appellee now has the added expense of Cobra insurance of approximately $290.38 per month, or $3,484.56 per year. (Tr. 26; Plaintiff's Exhibit one). When considering this added expense, appellee's yearly income falls to $14,207.44. This figure is approximately $15,792.56 less per year than appellee would have earned had her teaching position not been terminated.
 {¶ 17} In addition, appellee presented evidence that her termination was not her own fault. She testified that the school board decided to eliminate her position so that the students would have more time to spend on English and math classes. (Plaintiff's Exhibit three). Thus, appellee's unemployment was not voluntary.
 {¶ 18} Consequently, appellant's second assignment of error is without merit.
 {¶ 19} Appellant's third assignment of error states:
 {¶ 20} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING THE PLAINTIFF'S MOTION FOR AN INCREASE IN SPOUSAL SUPPORT WHERE, AS HERE, THE AWARD WAS NOT APPROPRIATE AND REASONABLE PURSUANT TO R.C. § 3105.18 AS THE EVIDENCE INDICATED THAT THE DEFENDANT DID NOT HAVE THE ABILITY TO PAY ANY ADDITIONAL SPOUSAL SUPPORT."
 {¶ 21} Appellant argues he produced evidence that demonstrated he had no excess income with which to pay additional spousal support. He notes that he testified after paying his monthly expenses he only has $139.00 left for food, transportation and other personal items. (Tr. 18-19; Defendant's Exhibit A). Based on this evidence, appellant argues that the trial court abused its discretion in ordering a $500.00/month increase in spousal support.
 {¶ 22} R.C. 3105.18(C)(1) provides a list of factors for the court to consider when making a spousal support award. Although a party's ability to pay is not identified as a specific factor, R.C.3105.18(C)(1)(n) states that the court consider "[a]ny other factor that the court expressly finds to be relevant and equitable." Appellant's ability to pay spousal support seems to qualify as a relevant and equitable factor although the court never expressly found it to be such. Additionally, the statute provides other relevant factors for the court to consider including the income of the parties and the relative assets and liabilities of the parties. R.C. 3105.18(C)(1)(a)(i).
 {¶ 23} Appellant testified and submitted an exhibit of his monthly income and expenses. Appellee offered no evidence to refute this information. Since the last hearing, appellant's income has remained the same at an annual salary of $75,000.00 and he still lives in the same house. (Tr. 6-7). Appellant's income and expenses exhibit showed that after taxes, spousal support, social security, Medicare and hospitalization he brings home approximately $2,916.00 monthly. (Defendant's Exhibit A). Appellant then uses that money to make the following monthly payments: loan repayment to his mother ($200.00); cell phone ($25.00); telephone ($70.00); electric/gas ($180.00); cable/internet ($76.00); security ($32.00); mortgage ($761.00); real estate tax ($134.00); home insurance ($40.00); car insurance ($80.00); line of credit ($200.00); life insurance ($186.00); disability insurance ($283.00); and car payment ($510.00). (Defendant's Exhibit A). After paying all of his expenses, appellant has $139.00 remaining per month for which to use for gas, home and car maintenance, food, gifts, and clothing/dry cleaning. (Defendant's Exhibit A).
 {¶ 24} Appellant's calculations appear to be slightly off. Defendant's Exhibit A shows appellant's take-home pay as $2,916.00 per month. It also shows his annual take-home pay as $38,124.00. These two figures cannot be reconciled. Presuming appellant's annual take-home pay is correct at $38,124.00, this works out to $3,177.00 per month. When subtracting appellant's monthly expenses from $3,177.00, this leaves appellant with $400.00 per month, not $139.00 per month as his exhibit illustrated. However, according to appellant's expenses, $400.00 per month is still not enough with which to pay a spousal support increase of $500.00 per month as the court ordered and still have money for food, clothes, gifts, etc.
 {¶ 25} To justify the trial court's order, either the court must have not believed appellant's testimony and exhibit or it must have considered some other factors. The weight to be given evidence and the credibility of witnesses are primarily for the trier of fact to determine. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. The other factors appellant testified to that appear relevant were his automobiles, his disability insurance, and his fiancée. Appellant testified that he owns four automobiles, a 1999 Toyota 4Runner, a 1993 Lexus, a 1993 Corvette and a 1965 Corvette. (Tr. 14). The only car on which appellant has a loan is the Toyota. (Tr. 14). Additionally, the court asked appellant about whether the premium on his disability insurance was a little high at $283.00 per month. (Tr. 20). Finally, appellant testified that he has a live-in fiancée whose income he subsidizes. (Tr. 15).
 {¶ 26} As to the above factors that may have influenced the court's decision, it does not appear that any of them were new developments since the December 2000 hearing. Appellant has been living with his fiancée since 1994. (Tr. 17). Furthermore, his disability policy was in effect since 1980. (Tr. 20). Finally, there was no testimony that appellant purchased any of his cars since the last hearing. However, we should also consider the history of this case. Before the order that resulted from the December 2000 hearing, appellant was paying spousal support of $2,675.00 per month. (May 14, 2001 Judgment Entry). The trial court granted appellant's motion for a reduction in support based on two factors: (1) the decrease in appellant's income (from over $100,000.00/year to $75,000.00/year); and (2) appellee's substantially improved financial circumstances (earned her master's degree, sold her Ohio residence, no longer paying college expenses, received a teaching job). (May 14, 2001 Judgment Entry). Based primarily on these two factors, the trial court reduced appellant's monthly support payments from $2,675.00 to $1,500.00.
 {¶ 27} If we consider that since the last hearing one of the two major factors has changed, i.e., appellee lost her job and medical benefits, it seems reasonable that the court should increase appellant's obligation to more than the $1,500.00 that he was paying and less than the $2,675.00 that he previously paid.
 {¶ 28} Accordingly, when looking at all of the circumstances including appellant's testimony and exhibits concerning his income and expenses and the case history, the increase in support was within the trial court's broad discretion. Appellant's third assignment of error is without merit.
 {¶ 29} Appellant's fourth assignment of error states:
 {¶ 30} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ORDERING A RETROACTIVE INCREASE IN THE PLAINTIFF'S SPOUSAL SUPPORT AWARD TO JUNE OF 2001 WHEN THE EVIDENCE INDICATED THAT PLAINTIFF'S INCOME COULD NOT HAVE BEEN REDUCED UNTIL AT LEAST THE END OF AUGUST 2001."
 {¶ 31} Appellant asserts that appellee filed her June 19, 2001 motion for modification of spousal support in anticipation of her alleged reduction in income. He points out that appellee testified that she received her income from her employment as a schoolteacher through the end of July 2001. (Tr. 23). Thus, appellant argues the trial court abused its discretion in backdating the increase in spousal support to the date of filing of the motion, June 19, 2001. He maintains that if an increase was appropriate, it should not have taken effect until August 1, 2001.
 {¶ 32} As appellee correctly points out, modification of spousal obligations may be made retroactive to the date of the filing of the motion to modify spousal support. Merkle v. Merkle (1996),115 Ohio App.3d 748, 754. However, the ability to order retroactive modification and a mandate to make such an order are not the same thing.Bowen v. Bowen (1999), 132 Ohio App.3d 616, 640. Appellant is correct in his statement of the evidence. Appellee testified that although her last day of teaching was on or about May 25, 2001, her last pay stub and date of employment was not until the end of July. (Tr. 23). Given this information, the trial court abused its discretion in backdating appellant's support obligation to the date of appellee's filing of the motion, June 19, 2001. At that time, although appellee knew she would soon become unemployed, she was still employed. Thus, her circumstances had not yet changed. Since the court's increase in support was based "principally upon the change of employment of the [appellee]," the order should not have gone into effect until appellee was officially unemployed. Accordingly, appellant's fourth assignment of error has merit.
 {¶ 33} For the reasons stated above, the decision of the trial court is hereby affirmed as to the increase in spousal support and reversed as to the date on which the increase is effective. Said effective date shall be August 1, 2001.
Vukovich, J., and Waite, J., concur.