Plaintiff-appellee/cross-appellant, Shirley Filicky, filed a timely motion for reconsideration of this court's judgment entered October 6, 2000.
The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Matthews v.Matthews (1981), 5 Ohio App.3d 140.
In our previous decision Filicky v. Filicky (Oct. 6, 2000), Mahoning App. No. 99 C.A. 212, unreported, this court held that the trial court did not abuse its discretion by 1) terminating defendant-appellant/cross-appellee Michael Filicky's spousal support obligation on the date of the spousal support termination hearing rather than the date on which Michael Filicky filed his motion to terminate spousal support, and 2) reallocating parental rights to Michael Filicky. Our decision in that matter also stated that this court's review had been limited, as the court had not been provided with a transcript of the hearings in question. In her motion for reconsideration, Shirley Filicky contends that she provided the trial court with a transcript of the proceedings, and that the transcript demonstrates that the trial court abused its discretion by reallocating parental rights to Michael Filicky.
A review of the record indicates that Shirley Filicky filed the transcript of the proceedings in the trial court on June 28, 1999. However, the court of appeals did not receive the transcript until the filing of Shirley Filicky's motion for reconsideration.
Therefore, the record on appeal did consist of a transcript of the proceedings; however, since the court did not previously consider the transcript of 1) the spousal support termination hearing, and 2) the reallocation of parental rights hearing, Shirley Filicky's motion for reconsideration is granted.
Michael Filicky's sole assignment of error states:
 "THE TRIAL COURT ERRED IN TERMINATING THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION ON MAY 1, 1999 [sic] RATHER THAN JANUARY 1, 1999, [sic] THE DATE ON WHICH APPELLANT HAD FILED HIS MOTION TO TERMINATE SAME."
In Michael Filicky's sole assignment of error, Michael Filicky argues that the trial court erred in terminating his spousal support obligation on May 6, 1999 rather than January 6, 1999, the date on which Michael Filicky filed his motion to terminate spousal support. Michael Filicky argues that pursuant to this court's ruling in Merkle v. Merkle (1996),115 Ohio App.3d 748, an order of the trial court modifying spousal support should be retroactive to the date such modification was first requested.
The finding as to whether there has been a change in circumstances that, ultimately, warrants modification or termination of spousal support will not be reversed absent an abuse of discretion. Mottice v. Mottice
(1997), 118 Ohio App.3d 731, 735, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Modification of spousal obligations may be maderetroactive to the date of the filing of the motion to modify spousal support. Merkle, 115 Ohio App.3d at 754. However, the ability to order retroactive modification and a mandate to make such an order are not the same thing. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 640. "While retroactive modification of spousal support is the better practice in most cases, the trial court's decision not to do so is discretionary * * *." Id.
After thoroughly reviewing the record and the transcripts of the proceedings below, we find that the trial court did not abuse its discretion in terminating Michael Filicky's spousal support obligation on May 6, 1998 rather than on January 6, 1998, the day on which he filed for spousal support modification.
Although the trial court recognized that Shirley Filicky would significantly increase her income, the trial court was also presented with evidence showing that Shirley Filicky would be incurring additional expenses in her relocation to Texas. With this in mind, it cannot be said that the trial court acted in an arbitrary or unconscionable manner in terminating Michael Filicky's spousal support obligation on the date of the spousal support termination hearing.
Michael Filicky's sole assignment of error is without merit.
Shirley Filicky's sole assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW PLAINTIFF-APPELLEE/CROSS APPELLANT [SHIRLEY FILICKY] TO REMOVE THE MINOR CHILD FROM THE STATE OF OHIO TO THE STATE OF TEXAS."
In Shirley Filicky's sole assignment of error, she essentially argues that the trial court abused its discretion by 1) failing to allow her to remove Andrew to Texas, and 2) reallocating parental rights thereby designating Michael Filicky residential parent. Shirley Filicky argues that the trial court abused its discretion by failing to consider the totality of the circumstances and instead focused solely upon Shirley Filicky's alleged lack of a local suitable employment search.
R.C. 3109.04(E)(1)(a) governs the modification of prior allocation of parental rights and provides in pertinent part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
"* * *
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
In determining the best interests of the child, R.C. 3109(F)(1) provides in pertinent part:
 "In determining the best interest of the child pursuant to this section * * * the court shall consider all relevant factors, including, but not limited to:
"* * *
 "(c) The child's interaction in and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
"* * *
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court [.]"
Likewise, the standard of review to be applied by an appellate court on review of an order concerning modification of parental rights is abuse of discretion. Masters v. Masters (1994), 69 Ohio St.3d 83, 85. "Thus, the discretion afforded the trial court must be given the `utmost respect'; we presume, unless the record shows otherwise, that the court's findings were correct." (Emphasis added.) Waggoner v. Waggoner (1996),111 Ohio App.3d 1, 4, citing Miller v. Miller (1988), 37 Ohio St.3d 71,74.
Applying the law to the facts in the present case, it appears that the trial court did not abuse its discretion by reallocating parental rights and designating Michael Filicky residential parent. A thorough review of the record shows that Shirley Filicky failed to establish that relocation to Texas was in the best interest of the child, Andrew. The evidence on record shows that any advantage resulting from the change in environment would be outweighed by the harm caused to the child. Guardian ad litem
Donald Hepfner testified that he believed Andrew Filicky's relationship with his father was more important than that of the relationship with his stepsiblings.
Hepfner also recognized that the loss of either parent would result in some harm to Andrew. Hepfner attempted to include all relevant factors in determining which parent should be designated the residential parent in accordance with the best interest of the child:
 "THE COURT:Does the same equation factor in the relationship of the child with his mother and the child and his siblings versus the child and his father? If you take the scale here, here's the child in the middle * * *. You got the child who has a wonderful relationship with his mother and has a good relationship with his siblings. Now you've got the child in relationship with his father, that's here, and that's strong. Do you think that more weight is attached to the loss of his father? What about the loss of his mother?
 "MR. HEPFNER: Again, that's when I started factoring in about the job search and whether or not there'd been sufficient opportunity to examine them in the [local] area. * * *
"* * *
 "MR. HEPFNER: My conclusion would probably be different if she undertook and exhausted every available means to find employment here in this area. It's my understanding that her specialty is obstetrics * * * but as I referred to and there was some information that Mr. Filicky provided to me where there was some advertisements in Salem, I think Salem Community Hospital for a position in obstetrics. * * *
"* * *
 "THE COURT: The fact that she didn't, is that what troubles you here?
 "MR. HEPFNER: Well, a little bit, yes, in the Salem issue."
 "THE COURT: * * * Do you have in making your recommendation, do you have any doubt about Mr. Filicky's ability to make provisions for the child?
"MR. HEPFNER: As a parent?
 "THE COURT: As a parent, as a residential parent, sole residential parent?
"MR. HEPFNER: No." T.R. Dec. 10-11, 1998 at 66-69.
The trial court was presented with additional evidence demonstrating that Shirley Filicky had failed to actively seek employment within Ohio. The best interest of the child would suggest that Shirley Filicky actively seek employment within the area prior to her relocating with Andrew to Texas, as the failure to do so would jeopardize Andrew's relationship with his father, and raise further concerns over the best interest of the child.
In addition, there were concerns raised in the trial court over the "timing" of Shirley Filicky's decision to relocate to Texas. Shirley Filicky notified the trial court of her intent to relocate only twenty-one days after the entering of the divorce decree. Guardian adlitem Hepfner expressed concerns over the timing of the decision to relocate to Texas.
The record also demonstrates that the trial court was not advised of Shirley Filicky's possible relocation during the divorce proceedings or in its determination of the shared parenting plan. Hepfner also testified that had he been apprised of Shirley Filicky's intent to relocate to Texas immediately following the divorce, such information probably would have affected his initial recommendation[1] that Shirley Filicky be designated residential parent.
The trial court's decision depended heavily on the assessment of witness credibility. With this in mind and after thoroughly reviewing the record and transcript of the proceedings, we cannot say that the trial court abused its discretion and acted in an arbitrary or unconscionable manner by reallocating parental rights and designating Michael Filicky residential parent.
Shirley Filicky's assignment of error is without merit.
Accordingly, upon reconsideration, the judgment of the Mahoning County Court of Common Pleas, Division of Domestic Relations is hereby affirmed.
Donofrio, J., concurs, Cox, J., concurs, and Waite, J., concurs.
[1] Hepfner had originally recommended that Shirley Filicky be designated residential parent in the original divorce proceedings.